## SCANLAN vs. HOWE and CURTIS.

1. A party seeking the aid of this court by injunction against an important public work, must be prompt in his application.

2. When the complainant has been tardy in his application, and the party sought to be enjoined has made large expenditures of money, with complainant's knowledge, and without notice of his alleged rights, and the continuance of the injunction would entail serious loss and damage upon innocent parties, and public inconvenience would result therefrom, and the complainant has his remedy at law, the injunction will be dissolved.

On motion to dissolve injunction on bill and answer, and the affidavits annexed thereto.

*Mr. Williamson,* for the motion.

*Mr. R. S. Green,* contra.

THE CHANCELLOR.

The bill is filed to compel the specific performance, by the defendant, Patrick Howe, of an alleged agreement for assignment to the complainant of a contract for constructing a sewer in the city of Elizabeth, awarded by the corporate authorities of that municipality, to him and Dennis Cunningham, and for an injunction against the defendant, John

Curtis, who claims to be the owner, by assignment, of the interest of Howe and Cunningham in the contract, to restrain him from executing the work.

It appears from the respective statements of the bill and answer, that the complainant and the defendant, Curtis, bargained for the assignment at about the same time; the complainant with Howe alone, and Curtis with Howe and Cunningham together. The bill states, that at the time when the complainant bargained with Howe, Cunningham had assigned his interest to Howe. It further states, that the complainant's purchase of the contract, was made on the 17th day of May, 1873, for the price of $700, of which he then paid $40 to Howe, taking from him a receipt, in which the latter agreed to assign the contract to him for the consideration above mentioned. Curtis claims to have purchased the contract from Howe and Cunningham, at about the same time, for the sum of $1000. The answer states, that when the contract was executed, which was on the 5th day of June, 1873, although it was dated on the 25th of May, preceding, Howe and Cunningham executed to him, under their hands and seals, an assignment of the contract; that this assignment was, on the same day, filed with the contract, in the office of the city clerk, and that the city authorities accepted him as the assignee of the contract; that on the 3d day of November, 1873, the street commissioner of the city notified him to proceed to execute the work, and that he entered upon the performance of it accordingly; that not until after he had been engaged upon the work for several days, and had expended upwards of $10,000 in procuring materials for it, did he receive any warning or notice whatever of the complainant's claim, and that, until then, November 10th, 1873, he had no knowledge, information, or notice whatever, that the complainant claimed to be the owner of, or interested in the contract.

On the filing of the bill, an injunction was granted, restraining Curtis from receiving any money from the city, on account of the contract. Motion is now made for a dissolution of the injunction.

The complainant claims to have an equitable assignment of the contract, through and by means of the alleged purchase from Howe. He says, in his bill, that Cunningham had assigned his interest to Howe. If that was not the fact, then Howe had no authority to sell the contract without the consent or concurrence of Cunningham. The statement of the bill, in this respect, is not verified. The only affidavit to the bill is that of the complainant. That does not verify the statement of the bill, as to the alleged assignment by Cunningham to Howe, but alleges that Cunningham had sold his interest to Howe.

It appears by the answer, that Howe and Cunningham, together, sold the contract to Curtis, and assigned it to him accordingly, and that, at the time of the bargain between them and Curtis, he, having heard it stated that Cunningham had sold, or agreed to sell his interest in the contract to Howe, talked the matter over with them, and both of them informed him that there had been " some talk between them, but that no sale had been made, and no money paid, and that Cunningham had the same interest as ever, in the contract, and was the half owner thereof."

Neither from the bill, nor the complainant's affidavit, does it appear that Curtis had any notice of the complainant's claim. The bill is silent on that head, except as it charges that, if Curtis has any interest in the contract, he acquired it with full knowledge that it had been sold to the complainant, and of complainant's right therein. The language of the affidavit is : " And this deponent avers that, if said Curtis has any interest in said contract, he acquired the same with full knowledge of this deponent's right to the same." Neither bill nor affidavit charges him with any fraud, or imputes to him any bad faith.

From the 5th of June to the 10th of November the complainant, although during all that time the assignment to Curtis was on file in the city clerk's office with the contract itself under which the complainant claims, gave no notice whatever to Curtis of his claim. Nor does he deny in his

bill or affidavit that he had during all that time, as I think he must have had, notice of the assignment to Curtis. He permitted the latter on the faith of his assignment, which was in all respects regular, to expend a very large sum of money in preparation for the work; while, on the other hand, although he alleges that immediately after the sale by Howe to him, he made preparations for the performance of the work, and expended a "considerable" sum of money in purchasing materials, he does not, either in his bill or affidavit, state the amount of the expenditure, even proximately, and it is impossible to determine from his general statement on that head to what extent his preparation proceeded.

It appears by the bill, that after the contract was signed, and as he says, on the 3d day of June, 1873, he tendered to Howe the balance of the $700 and demanded an assignment of the contract, and that Howe refused to take the money or execute an assignment. Yet he took no action whatever to secure or enforce his rights in the premises until the filing of the bill, more than five months afterwards. He does not appear even to have notified the city of his claim. Curtis, whom he has thus permitted, without notice or remonstrance on his part, to expend his money in prosecuting the work, will, if the interdict of this court be continued in force, be compelled to stop the work for want of funds. It appears by the answer, that at his contract price he has done $3000 worth of it, and has on hand about $12,000 worth of materials he has bought for it. To continue the injunction will not only inflict great injury on Curtis, who appears to be an entirely innocent party, but will do harm to the public in putting a stop to a very important work. There appears to be no good reason why, under the circumstances of the case, either Curtis or the city should be obstructed or interfered with in the premises. Up to this time the work has been carried on, the injunction merely prohibiting Curtis from receiving pay on account of it. A continuance of this prohibition will compel him to abandon it. The complainant's case does not appear to be such as to justify the court in in-

flicting this injury. It is not out of place to observe that neither the city nor Cunningham is made a party to this suit, although the interest of both in the controversy is manifest.

The complainant has a remedy at law. He alleges that it is not adequate. If it is not, it must be because of the want of pecuniary responsibility on the part of Howe. But this is not alleged. The defendant, Curtis, has answered all the equity of the bill. Under the circumstances of this case, especially taking into consideration the complainant's tardiness in invoking the aid of this court for the protection and enforcement of his rights, and his omission to give notice of his claim to the innocent parties who are to suffer by the continuance of this injunction, it is more equitable to deny him the aid of injunction, than to subject them to the serious loss and damage which the continuance of the interdict will occasion. The court in such cases as this, will weigh the the comparative advantages and disadvantages of the injunction to the parties. *Furman* v. *Clark*, 3 *Stockt.* 135 ; *Torrey* v. *C. & A. R. R. Co.*, 3 *C. E. Green* 293 ; *Higbie and Riggs* v. *C. & A. R. R. Co.*, 5 *C. E. Green* 435 ; *M. & E. R. R. Co.* v. *Prudden*, 5 *C. E. Green* 530.

The injunction will be dissolved, with costs.