CHARLES SHIVERS

*v.*

RICHARD SHIVERS and others.

1. A right of way acquired by prescription is commensurate with and measured by the use, and the owner of the land has no right to do anything which will hinder or obstruct such use.

2. An owner of the land erected a gate in a lane that had been used without such gate for more than twenty years.—*Held*, that equity would relieve and protect the owner of the easement in his use of the lane unobstructed by such gate.

Bill for relief. On final hearing on pleadings and proofs.

*Mr. A. Hugg*, for complainant.

*Mr. M. V. Berger*, for defendants.

THE CHANCELLOR.

Isaac Shivers, in 1848, was the owner of a tract of land, a farm, in Delaware township, in Camden county, fronting on the Marlton turnpike. There were two sets of buildings

upon it, one near, and the other back, from the turnpike. In that year he sold and conveyed part of the farm (the front), with one set of the buildings, to his son Richard, and the rear, with the other set of buildings, to his son Jehu. The latter occupied his property until 1866, when he sold and conveyed it to his brother Charles, the complainant. From the time of the conveyances by the father to Jehu and Richard (1848), Jehu and Charles, as successive owners of the rear property, used, for a way between those premises and the turnpike, a lane which, before then, was used for that purpose by their father, who, when he sold to Jehu, occupied the rear set of buildings. That lane was, as it still is, the only way between the complainant's property and the turnpike. From the division line between the two properties to the turnpike, it is on Richard's property. At the division line Jehu erected a gate, as he says, somewhere between 1857 and 1860. While the father occupied the property, there was, and ever since has been, a gate at the mouth of the lane at the turnpike, but, until September, 1876, there was no gate or other obstruction in the lane between that gate and the gate at the division line. At that date, Richard L. Shivers (son of Richard), who occupied his father's property, placed a gate across the lane at the barn on that property, and about one-third of the distance between the two gates just mentioned. The reason given for putting the gate there is, that thus the driving of cattle through the lane into Richard Shivers's barn-yard was facilitated. The complainant being unable, without a breach of the peace, to remove that gate, filed his bill for an injunction to protect him in the enjoyment of his easement.

The existence of the easement is not denied, and it is proved by the testimony on the part of the defendants, as well as that adduced by the complainant. The bill states that the lane or road has been, for upwards of twenty years, used by the complainant and the former owners and occupants of his farm and premises, to pass and repass to and from his farm with carriages, horses, cattle &c., and that

38

he ought now, and at all times, to have the free use of the lane for himself, his tenants, carriages, horses &c. The answer admits the existence of the lane, and that the complainant has been accustomed for many years to pass by it from his property to the turnpike.

It appears, clearly and unquestionably, that, from August, 1848, to September, 1876, a period of over twenty-eight years, the complainant and his grantor enjoyed the free and unobstructed use of the lane between the division line and the gate, at the junction of the lane with the turnpike, as appurtenant to the complainant's farm, and that it was their only way to the turnpike. It also appears that, at .the latter date, the defendants, without the complainant's consent, and against his will, erected the gate complained of, and subse quently maintained it by an exhibition of forcible and vio lent resistance of the complainant when he attempted to remove it. The gate is, manifestly, from the evidence, a nuisance. It is at the top of a hill which descends to the turnpike, and it is especially annoying to be compelled to stop, with a loaded wagon, to open it in going up, and, in such case, it causes a special strain on the horses. to start the wagon again. William A. Shivers, a son of the complainant, testifies that, at times, although the gate was open when the complainant's people entered the lane to go up, some one would come out and shut it, so as to compel them to stop and open it.

The complainant's title, by prescription, to the free and unobstructed use of the way (except as to the gate at the turnpike) at the time of the erection of the gate complained of, is established beyond a peradventure. A right of way, acquired by prescription, is commensurate with and measured by the use, and the owner of the land has no right to do anything which will hinder or obstruct such use. The complainant, therefore, is entitled to the aid of this court in the premises, to secure to him lawful enjoyment of the easement, free from the obstruction of any gate between the gate at the division line and that at the turnpike.

The injunction will be made perpetual, with costs.