Hodge *v.* Giese.

---

JAMES HODGE

*v.*

ALBIN GIESE.

1. The registry acts do not apply to leases. The first in date stands first in right.

2. A court of equity may protect legal rights in real estate where the right, though formally denied, is yet clear on facts which are not denied, and according to legal rules which are well settled, and the injury against which protection is asked is irreparable.

3. An injury is irreparable which is material, and which cannot be adequately redressed by pecuniary damages.

4. Contrary to the general rule, a mandatory injunction may issue at the inception of a suit for the protection of an easement and other rights of like nature.

---

On application for injunction, heard on bill and affidavit, order to show cause and answer and affidavit.

*Mr. Thomas S. Henry,* for motion.

Hodge v. Giese.

*Mr. Theodore Runyon, contra.*

VAN FLEET, V. C.

This is an application for an injunction. The complainant and defendant occupy parts of the same building as tenants under the same landlord. The defendant occupies the basement as a barber-shop, and the complainant occupies the two floors immediately above. The complainant is a clothier. He uses the first floor as a store for the sale of clothing and the second for cutting garments. The defendant has occupied the basement continuously for over twenty-five years, and the complainant has held the two floors now occupied by him since April, 1879. Prior to the commencement of the complainant's tenancy, the owner of the building put a heater in the cellar, in the rear of the basement occupied by the defendant. Pipes were attached to conduct the heat from the heater to the first floor, and subsequently others were attached to conduct it to the second floor. There are registers on both floors by which the volume of heat transmitted to each is regulated. This connection existed in

NOTE.—The recording or non-recording of a lease only affects subsequent rights of parties claiming under or against the landlord without actual notice, and not its validity between the parties thereto, *Rev. of N. J. p. 157 § 19; 1 Taylor on L. & T. (8th ed.) § 171; Wood's L. & T. § 222;* also, *Barnum* v. *Landon, 25 Conn. 137, 149; Baldwin* v. *Walker, 21 Conn. 168; Lake* v. *Campbell, 18 Ill. 106; Brown* v. *Matthews, 3 La. Ann. 198; Bridgmans* v. *Wells, 13 Ohio 43; Anderson* v. *Harris, 1 Bail. 315; Enos* v. *Cook, 65 Cal. 175;* but see *Anderson* v. *Critcher, 11 Gill & Johns. 450; Polk* v. *Reynolds, 31 Md. 106.*

As to recording an assignment of a lease, *Martindale* v. *Price, 14 Ind. 115;* see *James* v. *Morey, 2 Cow. 246, 288; Washburn* v. *Burnham, 63 N. Y. 132; Booth* v. *Kehoe, 71 N. Y. 341; Ladley* v. *Creighton, 70 Pa. St. 490.*

If the statute requires *actual* notice, mere constructive notice, as the lessee's possession of the premises, is insufficient, *Wilhelm* v. *Mertz, 4 Greene 54; City Council* v. *Page, Spears' Eq. 159, 212; Lamb* v. *Pierce, 113 Mass. 72;* see *Smith* v. *Miller, 63 Tex. 72; Vaughan* v. *Tracy, 22 Mo. 415; Fowke* v. *Woodward, Spears' Eq. 233; Brophy Co.* v. *B. & D. Co., 15 Nev. 101.*

As to the effect and extent of notice from the record, *Libbey* v. *Staples, 39 Me. 166; Everman* v. *Robb, 52 Miss. 653;* see *Weisberger* v. *Wisner, 55 Mich. 246.*

A copy of the registry of a lease, not required by law to be registered, is not evidence, *Burnett* v. *Thompson, 13 Ired. 179, 3 Jones 113.*

A deposit of the lease for record, and the clerk's endorsement of record

Hodge *v.* Giese.

January, 1887, when the last lease to the complainant was made. The heater is an appurtenance or adjunct to the part of the building occupied by the complainant. It transmits heat to no other.

Both parties now hold under leases made in 1887. That to the complainant was executed on the 5th of January, 1887, and grants a term of five years from the 1st day of April, 1887, and that to the defendant was made in March, 1887. The complainant's lease grants him the use of the heater with right of access to it. The defendant, by his answer, admits that the complainant has no means of access to the heater, except through his shop, and also that the complainant has, every fall and winter since 1879, passed through his shop, with his knowledge and without objection, to give such attention to the heater as it required. Whether there is a door opening from the defendant's shop into the cellar where the heater is, the pleadings do not expressly state, but the defendant's admission, that there is no way of approach to the heater except through his shop, makes it certain that there is either a door there, or

thereon, is sufficient, although it be not in fact recorded in the proper book, *Lewis* v. *Klotz* (*La.*), *1 So. Rep. 539.*

In *Kingston Building Assn.* v. *Rainsford, 10 U. C. Q. B. 236,* a statute required all leases for twenty-one years to be recorded. A lease was given for fourteen years to A, with the privilege of renewal for fourteen years longer, which A recorded. Afterwards A assigned his lease for part of the premises to B, which assignment was not recorded ; then A mortgaged *all* the leasehold to C.—*Held,* that the lease was valid without recording, and so was the assignment, and that C, as mortgagee of its interest, was not entitled to a renewal of the lease for the additional fourteen years. See *Williams* v. *Downing, 18 Pa. St. 60.* In *Latch* v. *Bright, 16 Grant's Ch. 653,* such an unregistered lease, accompanied by the lessee's possession, was held to be valid in respect to the covenanted renewal, as between the lessee and a mortgagee of the lessor.

In *Weaver* v. *Coumbe, 15 Neb. 167,* the possession of a tenant under a lease signed by the parties, but not witnessed, acknowledged or recorded, was held valid against a subsequent lessee of the same premises, who had notice thereof when he obtained his own lease.

If a statute prescribes that a lease, for more than seven years, shall not be valid unless recorded, an unrecorded one for ninety-nine years is not good for seven, *Brohawn* v. *Van Ness, 1 Cranch C. C 366 ; Clift* v. *Stockdon, 4 Litt. 215.* See *Chapman* v. *Gray, 15 Mass. 439 ; Thomas* v. *Nelson, 69 N. Y. 118.*

In *Beebe* v. *Coleman, 8 Paige 392,* a written unrecorded lease for two years,

Hodge *v.* Giese.

some other means of access from his shop to the heater. The defendant notified the complainant, on the 19th of November, 1887, that he would not thereafter be permitted to pass through his shop to the heater. The complainant thereupon filed his bill, asking for an injunction, restraining the defendant from preventing him from passing through the defendant's shop, to give such attention to the heater as may be necessary to enable him to have the use of the heater.

It cannot be denied, that unless the complainant can have access to the heater, through the defendant's shop, that that clause of his lease, which grants him the use of the heater, will be rendered nugatory, and that he will be deprived of that part of the demised premises, which, just at this season of the year, is absolutely essential to the safe and comfortable enjoyment of the other parts. No complaint is made that the complainant has exercised the right which he claims in an oppressive or improper manner. The dispute is as to his right, not as to the manner in which he has exercised it. If the complainant were seeking protection against the wrongful prohibition of his lessor, there can be no

with the privilege of cutting and carrying away all the wood and timber on the premises, the lessee being in possession, was held valid against a subsequent vendee of the lot, without notice of such lease. See *Ferry* v. *Pfeiffer, 18 Wis. 510; Ala. Ins. Co.* v. *Oliver, 78 Ala. 158; Smith* v. *Simmons, 1 Root 318;* and so of a right to dig and remove clay, *Sheets* v. *Allen, 89 Pa. St. 47.*

In *Whittemore* v. *Smith, 50 Conn. 376,* the statute provided that an unrecorded lease of lands for more than one year should be ineffectual against any other person than the lessor and his heirs. An unrecorded lease was made to A for one year, with the privilege of five. A elected to occupy for five years, and during the second year the premises were conveyed to B, who repeatedly accepted rent afterwards from A. In an action subsequently brought by B to recover possession—*Held,* that evidence that B knew of the existence of the lease and its terms when he bought was admissible.

The purchaser, under an execution against the landlord, would be entitled to the subsequent rents, even if such purchaser be the tenant himself, *Casey* v. *Gregory, 13 B. Mon. 505; Nellis* v. *Lathrop, 22 Wend. 121; Pickett* v. *Ferguson, 45 Ark. 177; Hetzie* v. *Barber, 69 N. Y. 1; Ryder* v. *Mansell, 66 Me. 167; Elliott* v. *Smith, 23 Pa. St. 131; Camley* v. *Stanfield, 10 Tex. 546; Tilghman* v. *Little, 13 Ill. 239; Franklin* v. *Palmer, 50 Ill. 202.* See *Claiborne* v. *Holmes, 51 Miss. 146; Matthews's Appeal, 104 Pa. St. 444; Campbell* v. *Fetterman, 20 W. Va. 398; Houston* v. *Farris, 71 Ala. 570; Lausman* v. *Drahos, 10 Neb. 172; Scott* v. *Levy, 6 Lea 662.*

Hodge v. Giese.

doubt that he would be entitled to it. His lease grants him the
use of the heater. The heater constitutes, not only a valuable
part of the demised premises, but an almost indispensable part.
It is the only means by which his occupation of the demised
premises can be made safe and comfortable during five or six
months of each year of his term. His lease grants him the
same right to the use of the heater that it does to occupy the two
floors. The heater would be utterly useless to him without a
right of access to it. A simple grant of a right to use the
heater, would, without a single word expressly declaring such a
purpose, confer, by implication, a right of access. Access is so
absolutely essential to the beneficial enjoyment of the heater, that
under a grant thus framed, the right would pass as an indis-
pensable part of the principal thing granted. But here a right
of access is given by express words. The particular way by
which it shall be had is not, however, defined by express words,
but it is, clearly and unmistakably, by the position which the
heater occupies in the building. There is no way to get to it,

Where there is no concealment or imposition on the part of the lessor, the
lessee must ascertain the means of access to the demised premises at his own
peril, *Handrahan* v. *O'Regan, 45 Iowa 298; Talbot* v. *Rossin, 23 U. C. Q. B.*
*170;* nor, it seems, would the lessor be bound to communicate knowledge of
an intention on the part of an adjoining owner to close the way, *Hazlett* v.
*Powell, 30 Pa. St. 293;* see *Hilliard* v. *New York Co., 41 Ohio St. 662; Coke* v.
*Gutkese, 80 Ky. 598.*

The tenant is liable for the rent, although the access be afterwards cut off by
the civil authorities, *Lyman* v. *Snarr, 9 U. C. C. P. 104; Frost* v. *Earnest, 4*
*Whart. 86; Post* v. *Logan, 1. N. Y. Leg. Obs. 59; Eldred* v. *Leahy, 31 Wis.*
*546;* see *Wood's L & T. 734; 1 Taylor's L. & T. (8th ed.) § 519; 38 Am. Dec.*
*737; Mills on Em. Dom. § 69; Blyth* v. *Pratt, 62 Miss. 707.*

When a tenant is limited to a way of necessity merely, *Harding* v. *Wilson,*
*3 D. & R. 287; Skull* v. *Glenister, 16 C. B. (N. S.) 81; Shuttleworth* v. *Shaw,*
*6 U. C. Q. B. 517; Ramirez* v. *McCormic, 4 Cal. 245; Bennett* v. *Seligman, 32*
*Mich. 500; Powers* v. *Harlow, 53 Mich. 507, 513; 36 Am. Rep. 415; Clancy* v.
*Byrne, L. R. (11 Irish C. L.) 355; Motes* v. *Bates, 74 Ala. 374;* or to one
described in the lease as it existed when the lease was made, *Crisp* v. *Price,*
*5 Taunt. 548; Jackson* v. *Allen, 3 Cow. 220; Taylor* v. *Bailey, Wright 646;* or
to one afterwards substituted therefor, *Blumenthal* v. *Bloomingdale, 100 N. Y.*
*558.*

A covenant to furnish timber and roads to a saw-mill during the term is not
a condition precedent, *McCoy* v. *Hill, 2 Litt. 372; Gourdin* v. *Davis, 2 McCord*

except through the defendant's shop. Both the bill and answer so declare, and that is the way which the complainant has used, continuously, every fall and winter, since 1879. There can be no doubt, in this condition of affairs, what construction the lease must, as a matter of law, receive. These facts make it clear, beyond question, that if the lessor of the parties was the person against whom relief was sought in this case, it would be the plain duty of the court to give the complainant the writ he asks.

Does the defendant stand in a stronger or better position than his lessor would occupy if he were the defendant in this suit? The complainant's lease is first in date, and therefore, so far as it covers rights or property subsequently demised to the defendant, confers the paramount right. The lessor, after having made a lease to the complainant, could not grant anything to the defendant which he had previously granted to the complainant. In other words, if, by the lease made to the complainant in January, 1887, a right of access to the heater through the basement passed, the lessor could not, by a subsequent lease made to the defendant,

*514; see Newman* v. *French, 45 Hun 65; but if the way be partly occupied by the lessors as a railroad track, they are bound to use reasonable care in running their trains over that part, McDermott* v. *New York Central R. R. Co. 28 Hun 325; see Nash* v. *Minneapolis Co., 24 Minn. 501; Gwinnell* v. *Eamer, L. R. (10 C. P.) 658; 14 Moak 492; Mellen* v. *Morrill, 126 Mass. 545; Wood's L. & T. § 539; 1 Taylor's L. & T. §§ 175, 192.*

If the means of access be agreed upon, equity may reform the lease so as to insert it therein if omitted by mistake, *Newcomb* v. *Ketteltas, 19 Barb. 608; 17 N. Y. 491;* and for instances of other reformations of leases, see *Isenhoot* v. *Chamberlain, 59 Cal. 631; Silbar* v. *Ryder, 63 Wis. 106; Paget* v. *Marshall, L. R. (28 Ch. Div.) 255; Mortimer* v. *Shortall, 2 Dr. & War. 363; Eaton* v. *Wilcox, 42 Hun 61, 67; Anderson* v. *Tighe, 10 Heisk. 299; Campbell* v. *Hatchett, 55 Ala. 548.*

In *Doe* v. *Burt, 1 T. R. 701,* under a demise of certain premises, described as lately in the occupation of A, a cellar thereunder, although it would *prima facie* have passed, was held not to be included, because the cellar was then occupied by B, another tenant of the lessor. See *Smith* v. *Galloway, 5 B. & Ad. 43; Dyne* v. *Nutley, 14 C. B. 122; Magee* v. *Lavell, L. R. (9 C. P.) 107; Martyr* v. *Lawrence, 2 De G., J. & S. 261; Maggart* v. *Chester, 4 Ind. 124; Trimble* v. *Ward, 14 B Mon. 8; Jackson* v. *Barringer, 15 Johns. 471; Goodenow* v. *Allen, 68 Me. 308; Cary* v. *Thompson, 1 Daly 35; Ogden* v. *Jennings, 62 N. Y. 526.*

A tenant under a renewed lease was allowed to show that under his former

Hodge v. Giese.

in March, 1887, grant the basement free from the easement created by the prior lease.   After having made a lease to the complainant, all that it was possible for the lessor to grant by a subsequent lease was such right in the demised premises as was not conveyed by the prior lease.   The complainant's right to the easement in question does not, in the slightest degree, depend upon the fact that the defendant, at the time he accepted the lease under which he now holds, had notice, either actual or constructive, that the complainant's lease gave him right of access to the heater.   The registry acts do not apply to leases.   The first in date stands first in point of right.   Leases under seal for a. term of not less than two years, acknowledged or proved, may be recorded (*Rev. p. 157 § 19*), but the statute which authorizes this to be done imposes no penalty for not doing it.   This statute, it has been decided, was intended to give the lessee the advantage to be derived from registry, if his lease was sealed and duly acknowledged, but to leave him as at common law, if he did not record his lease, or if he accepted a lease not under seal.

holding he had enjoyed certain privileges, and they were held to be embraced in the second lease, *Thomas* v. *Wiggers, 41 Ill. 470;* or to show that the preceding occupant had done so, *Kooystra* v. *Lucas, 5 B. & Ald. 830; Hinchliffe* v. *Kinnoul, 5 Bing. N. C. 1;* see *Morris* v. *Edgington, 3 Taunt. 24.*

As to the rights and liabilities of a lessee of a cellar or apartment, see *2 Taylor's L. & T. (8th ed.) ¿ 520; Wood's L. & T. ¿ 394;* also *Curtiss* v. *Hoyt, 19 Conn. 154; Guthman* v. *Castleberry, 49 Ga. 272; Bentley -v. Sill, 35 Ill. 414; Burt* v. *Boston, 122 Mass. 223; Lothrop* v. *Thayer, 138 Mass. 466; Lowell* v. *Strahan (Mass.), 12 N. E. Rep. 401; Krueger* v. *Ferrant, 29 Minn. 385; Cincinnati College* v. *La Rue, 22 Ohio St. 469; Alger* v. *Kennedy, 49 Vt. 109; Cole* v. *McKey, 66 Wis. 500; Abrams* v. *Watson, 59 Ala. 524; Whitaker* v. *Hawley, 25 Kan. 686; Purcell* v. *English, 86 Ind 34; Bissell* v. *Lloyd, 100 Ill. 214; Snowhill* v. *Reed, 20 Vr. 292; Lucas* v. *Coulter, 104 Ind. 81; Simmons* v. *Thompson, 1 Handy 521; Gould* v. *Sub-District, 8 Minn. 427; Dyett* v. *Pendleton, 8 Cow. 727; Stein* v. *McArdle, 24 Ala. 344; Newby* v. *Sharpe, L. R. (8 Ch. Div.) 39; Ivay* v. *Hedges, L. R. (9 Q. B. D.) 80; Maclennan* v. *Royal Ins. Co., 37 U. C. Q. B. 284; Williams* v. *Herrick, 5 U. C. Q. B. 613; Polack* v. *Shafer, 46 Cal. 270; Jackson* v. *Eddy, 12 Mo. 209; Jones* v. *Willis, 8 Jones 430; Woods* v. *Naumkeag Co., 134 Mass. 357; Harrington* v. *Watson, 11 Oreg. 143;* and, also, *29 Alb. L. J. 65; 35 Id. 363.*

Where a landlord, having leased property to one tenant, subsequently leases a part of the same premises to another, the first tenant is under no obligation to resist the second by force in taking possession, *McElderry* v. *Flannagan, 1*

Hodge v. Giese.

It was framed for the benefit of the lessee. *Hutchinson* v. *Bram-hall, 15 Stew. Eq. 372.* It would seem, then, to be entirely clear, that, if the case is considered in its purely legal aspects, nothing can be found in the defendant's position which renders it a whit stronger or better than that which his lessor would occupy, if he were the person against whom relief was sought. There may be this difference between them as to actual knowledge: the lessor knew that he had granted access to the heater to the complainant; this, the defendant says, he did not know, but it is not disputed that he possessed knowledge which was quite equivalent. He knew that the complainant, like himself, was a tenant, and that for eight years the complainant had had the exclusive use of the heater, and that during all that time the complainant had passed through his shop, to give such attention to the heater as was necessary, without asking permission, and that he never disputed the complainant's right to do so. This long submission to the exercise of a right which, at times, must have been attended with some inconvenience to the defendant, would, in most in-

---

*Harr. & Johns. 308;* and the lessor is liable to the first tenant for the damages sustained by the second letting, *Child* v. *Stenning, L. R. (11 Ch. Div.) 82; Clark* v. *Butt, 26 Ind. 236, Grace* v. *Haas, 20 La. Ann. 73; Halligan* v. *Wade, 16 Ill. 507, 21 Ill. 470; MacKellar* v. *Sigler, 47 How. Pr. 20; Rhodes* v. *Baird, 16 Ohio St. 573; Maule* v. *Ashmead, 20 Pa. St. 482; Poposky* v. *Munkwitz (Wis.), 35 Alb. L. J. 429; 1 Taylor's L. & T. § 177;* see *Newby* v. *Harrison, 2 Johns. & H. 393; 4 L. T. (N. S.) 424; Reynolds* v. *Toronto, 15 U. C. C. P. 276; Crooks* v. *Dickson, 15 U. C. C. P. 23; Oliver* v. *Mowatt, 34 U. C. Q. B. 474; Cameron* v. *Tarratt, 1 U. C. Q. B. 312; Mills* v. *Sampsel, 53 Mo. 360; Staples* v. *Flint, 28 Vt. 794; Lanigan* v. *Kille, 97 Pa. St. 120;* and so is the lessor's grantee, *Wright* v. *Lattin, 38 Ill. 293;* or agent, *Spedding* v. *Nevell, L. R. (4 C. P.) 212;* and the lessor is liable for the costs, *Child* v. *Stenning, L. R. (11 Ch. Div.) 82;* or he may be ·enjoined, *Leader* v. *Moody, L. R. (20 Eq.) 145; Raband* v. *Frank, 17 Mo. App. 64;* see *Worthy* v. *Tate, 44 Ga. 152; Huff* v. *Markham, 71 Ga. 555; Leopold* v. *Judson, 75 Ill. 536; Furey* v. *Gravesend, 104 N. Y. 405; Crowe* v. *Wilson, 65 Md. 479; Stees* v. *Kranz, 32 Minn. 313; Stamps* v. *Cooley, 91 N. C. 316; O'Connor* v. *Memphis, 7 Lea 219, 223.*

As to a right of action by the first tenant against the second, see *Emerson* v. *Goodwin, 9 Conn. 422; Hibbard* v. *Ramsdell, 2 N. Y. State Rep. 141; Hughes* v. *Hood, 50 Mo. 350; Chancey* v. *Smith, 25 W. Va. 404; McAlester* v. *Landers, 70 Cal. 79;* or by an under lessee against the lessee, *Long* v. *Bowring, 33 Beav. 585.*—Rep.

stances, justify a belief that the defendant submitted to it because he knew the complainant was simply doing what he had a right to do.

On the admitted facts of the case, and according to well-established legal principles, the legal right on which the complainant rests his claim to an injunction is, in my judgment, free from the least doubt. This being so, the duty of the court is plain. It is bound to give to the complainant the protection he asks, if the injury against which he seeks protection belongs to the class which this court may rightfully restrain by injunction. A court of equity may protect and enforce legal rights in real estate, where the right, though formally denied, is yet clear on facts which are not denied, and according to legal rules which are well settled, and the injury against which protection is asked is of an irreparable nature. *Hart* v. *Leonard, 15 Stew. Eq. 416.*

It is obvious that no remedy will be adequate in this case which does not prevent a repetition of the injury. The injury consists in depriving the complainant of an essential part of the demised premises. It is continuous in its character and, so long as it shall be persisted in, will necessarily result in the complete destruction of the safe and comfortable use of the demised premises, for the purposes for which they were rented, for nearly one-half of the complainant's whole term. The law gives no adequate remedy for such a wrong. Successive suits at law, in which only pecuniary damages could be awarded, would give the complainant neither the full measure of his rights, nor justice, but would permit the defendant to deprive the complainant of his rights for such compensation as a jury might see fit to award. The complainant's case presents a strong instance of irreparable injury. All that is meant by that phrase is that the injury shall be a material one, and of such a nature as cannot be adequately redressed by pecuniary damages. Mere inconvenience, resulting in but slight damage, may, in consequence of its peculiar character, constitute an injury so irreparable in its nature as to be the proper subject of redress by injunction. *Kerr on Inj. 199, 200.* The right involved here is an easement. The complainant, on the undisputed facts of the case, has a right to pass

Dodge v. Pennsylvania R. R. Co.

through the defendant's shop to and from the heater. Courts of equity exercise a very liberal jurisdiction in the protection of such rights. Mandatory injunctions may, contrary to the general rule, be issued at the very inception of the suit for the protection of such rights. *Rogers Locomotive Works* v. *Erie Railway Co., 5 C. E. Gr. 379.* An inspection of the record in *Shivers* v. *Shivers,* reported in *5 Stew. Eq. 578,* shows, that a mandatory injunction was granted on filing the bill, and without hearing the defendant, commanding the defendant forthwith to take down and remove a gate, which he had erected across a private way running through his land. Like injunctions have recently been granted in several similar cases. The true rule on this subject, in my judgment, is that declared in *Whitecar* v. *Michenor, 10 Stew. Eq. 6, 14.* Chancellor Runyon there said : " The court is always very reluctant to grant a mandatory injunction on an interlocutory application, but where extreme or very serious damage would ensue from withholding it, as in cases of interference with easements, or other cases demanding imme-diate relief, it will be granted."

The complainant is entitled to the writ he asks, but it must be so framed as to limit the exercise of his right of passage, to such use of it as may be necessary, to give such care and attention to the heater as shall be required to enable him to have the use of the heater for the purpose of heating the two floors covered by his lease.