JACOB M. HIGGINS et al., appellants,

*v.*

JAMES W. WESTERVELT et al., respondents

1. A bill was filed for the reformation of two deeds so as to make certain covenants included therein read as covenants on the part of the grantees not to erect on the lands conveyed any dwelling-house to cost less than $3,000, and for a perpetual injunction against the erection of such a house; and it appearing by the bill and the answer and accompanying affidavits that, at the time of the filing of the bill, a house, to cost less than $3,000, had already been erected and was nearly completed, and that the right to reform the deeds was contested—*Held*, that a motion to dissolve a preliminary injunction issued upon ·

Higgins v. Westervelt.

the bill and affidavits which restrained the owner from further proceeding to complete said house, should, under the circumstances, have been granted; and an order denying such a motion was reversed.

2. Whether the relief asked for could be accorded, upon the covenants, if reformed, was not considered.

On appeal from order denying motion to dissolve injunction, made by the Chancellor.

*Messrs. Clark & Reed*, for appellants.

*Mr. John H. Jackson*, for respondents.

The opinion of the court was delivered by

MAGIE, J.

The bill in this case was filed with two objects : (1) to reform two deeds of conveyance affecting lands owned by Jacob M. Higgins, one of the appellants, and (2) to perpetually restrain Higgins from erecting on said lands any dwelling-house costing less than $3,000.

The reformation sought was in respect to a covenant in each of said deeds. That contained in the deed, prior in time, read as follows :

" The party of the first part, in accepting this conveyance, do hereby for themselves, their heirs and assigns, covenant and agree not to erect or cause to be erected on said lots, or either of them, a dwelling-house to cost not less than $3,000, under the penalty of forfeitures and damages."

That contained in the other deed was identical in language, except that it purported to be made by the party of the second part instead of the party of the first part.

The bill averred that the language of these covenants was used by mistake of the respective parties, and that the covenant really intended to be made was the following :

" The parties of the second part, in accepting this conveyance, do hereby for themselves, their heirs and assigns, covenant and agree not to erect or cause to be erected on said lots, or either of them, a dwelling-house to cost less than $3,000, under penalty of forfeiture and damages."

The injunction was sought upon the covenants as thus reformed.

On the filing of the bill a preliminary injunction was allowed, restraining the appellants from erecting and also from doing any work on such a dwelling-house upon said lands, except to erect it according to the spirit and intent of said covenants, or to remove it.

Appellants filed an answer with affidavits, and moved to dissolve the injunction. An order denying their motion having been made, they have appealed therefrom.

In support of the appeal, it is urged that the bill was not properly verified, and the preliminary injunction ought not to have been allowed; that the answer denied the whole equity of the bill, and no peculiar circumstances were disclosed justifying the retention of the injunction after answer, but that the condition of the subject-matter of the contention afforded a cogent reason why the motion to dissolve the injunction should have prevailed.

Without considering the alleged infirmity of the bill or determining the effect of the answer, I have been compelled to the conclusion that the motion to dissolve ought to have prevailed upon the last-named ground.

The bill was not filed to restrain the threatened erection of a building obnoxious to the terms of the covenants, if reformed. On the contrary, it showed that Higgins had commenced to erect a house on the lands in question before August 10th, 1887, and, notwithstanding a notice then given him, had continued to work upon it until September 8th, when the bill was filed and the injunction issued. The verified answer showed that when the injunction was served, Higgins had moved into the house and was occupying it as a dwelling-house. The accompanying affidavits showed that all the wood-work was completed but the hanging of the doors and windows.

Under these circumstances, an injunction forbidding the completion of the house was neither useful nor proper. The house was being erected under a claim of right and a denial of the equity claimed by respondents. It had been permitted to progress nearly to completion before any relief was claimed. If such relief could

be afforded, it is evident it could not stop short of the removal of the building. To enjoin further completion and to leave an unfinished building, would be more detrimental to those interested in the performance of these covenants than to permit its completion. The preliminary injunction was therefore of no value to respondents, but occasioned a very serious, and, perhaps, irreparable, injury to the appellant, who owned the building. Under such circumstances, it is well settled that an injunction ought not to be retained. *Morris & Essex R. R.* v. *Prudden, 5 C. E. Gr. 530; Citizens Coach Co.* v. *Camden Horse R. R. Co., 2 Stew. Eq. 299.*

It will be observed that the questions presented by the appeal have been considered without reference to the right of respondents to equitable relief on these covenants, if reformed. It has been intended to express no opinion on the scope and force of such covenants, or on the mode in which they may be enforced.

The order appealed from should be reversed, and an order dissolving the injunction made. Appellants should have their costs in this court, and the costs of the motion below.

*Order unanimously reversed.*