WILLIAM T. BAILEY, appellant,

*v.*

CATHARINE SCHNITZIUS, respondent.

*A mandatory injunction is rarely granted before final hearing, and will only be ordered to prevent extreme or very serious damage.*

---

The bill of complaint was filed to restrain the defendant, William T. Bailey, and another, from in anywise filling in, blocking up and obstructing an alleged ancient water-course running over lands of the complainant, crossing a public highway called Lee's lane, and on and over lands of the defendant; and commanding them to remove the obstructions now existing and placed therein by them. The defendant, who owned land on the westerly side

Bailey *v.* Schnitzius.

of the highway, has filled, graded and improved his land, laying it out and mapping it for building lots, and made an embankment about two feet high and eighteen feet long, on the line of the road, shutting off the flow of water over his land. On bill and affidavits, answer and affidavits, rule to show cause, and oral evidence taken before the vice-chancellor, he advised, and a mandatory order was issued, according to the prayer of the bill, restraining the defendant from in anywise filling in, blocking up and obstructing the said ancient water-course, and commanding him to remove the obstructions now existing and placed there by him and his agents.

The appeal is taken from this order, advised by Vice-Chancellor Bird, who filed the following conclusions:

The parties to this suit own adjoining lands. There is an ancient highway called "Lee's lane" running over the line between them. This highway is now, and, it is alleged, has been for a long period of time, crossed by one or two water-courses during a considerable portion of the year, if not all the year. The line between them and this lane runs nearly north and south. The complainant's lands are to the east, the defendant's to the west, of the lane.

One of these alleged water-courses passes over the lands of the complainant, crosses the lane or highway, and so over the lands of the defendant, to a large stream of water called Newton creek. The defendant has undertaken to improve his lands during the last year more extensively than formerly, by grading them, and plotting and dividing them up into city lots, streets and highways. In doing this, he found it convenient, if not necessary, to obstruct, by filling up, a small ravine, being the last-named water-course. Soon after this filling up and obstruction, rains came; the road was flooded and serious damage threatened to the lands of the complainant, and she was prevented from using the highway. A bill is filed stating the rights of the complainant to the land in question, the existence of an ancient water-course in the place designated, the obstruction thereto and the mischief threatened to her, with a prayer for an injunction.

Many witnesses have been examined on both sides. It is established to my satisfaction that, when the defendant took title to the land that he now is improving, and upon which he has cast up the obstructions named, there was a well-defined water-course over them from the place where the complainant alleges that the water flowed, from her land, over the said highway. Indeed, several of the witnesses produced by the defendant unmistakably testify that they have known the lands of the defendant for many years, and that there always was what some call a gully, what others call a ravine, distinctly marked upon the surface of the soil. They say that they farmed the land on either side of it, but that this ravine, or water-way, was never farmed, never broken up. One witness, who was in the employ of a former owner, remembers distinctly that in order to get from one side of it to the other with a loaded wagon, they had first to go to the highway and there cross the stream in order to do so; that there were such evidences, and that they have been clearly and distinctly established before me, admits of no possible question, in my judgment; but the important inquiry is, Was there, upon the lands of the complainant, such a water-way or such a collection of waters, whether they flowed into a channel or not, as to give it or them the character of running water?

Upon this point I have not a shadow of doubt. If the testimony of the aged and respectable witnesses, witnesses who have been acquainted with the premises twenty, thirty, forty and fifty years, is to be credited, and is to influence the mind of the court, there is no room for any other conclusion than that during the longest period named there has been a well-defined water-course over the lands of the complainant and crossing the road called Lee's lane at the point named in the bill of complaint. It is equally conclusive that this water-course has not been the receptacle and conduit of surface-water only, in the just and proper sense and ordinary understanding of the term, but of running water—running water having its origin in springs or in wet and marshy lands, forming, for long periods of time during the year, a stream of sufficient size and force to carry it over the land of the complainant and beyond the road in question. It is true that

Bailey *v.* Schnitzius.

the flow does not continue during the dry seasons of the year, but that is not essential to the application of the legal principles upon this subject; for if it were, a great majority of the small brooks or rivulets, or what are known as such, would be deprived of their titles, and those who claim the benefit of them in the law would be deprived thereof; for innumerable brooks and rivulets, and springs also, are known to leave no traces of their existence during droughts except their rugged beds.

Since the application is for an injunction, and since the case is not upon final hearing, it is sufficient for me, at this stage, to indicate my reasons for advising that an injunction do issue.

I will advise that a mandatory injunction issue, and my reason for that is the fact, that the complainant, as a citizen, suffers peculiar and extraordinary hardships and damage because of this obstruction in the highway, supposing that he only suffered such damage or loss to his lands as might be recoverable in an action of trespass on the case hereafter. The damage consists in the complainant being obliged to travel several miles out of the ordinary and usual course because of this obstruction, and the damage thereby done to the road by volumes of water being cast upon it and running over its course for several hundred feet, so washing it out as to make it impassable. This fact plainly, to my mind, gives the complainant such a hold upon equity as should move the court to secure to her immediate relief by this extraordinary remedy. This view is still more reasonable and commendable, when it is considered that the defendant well knew beforehand the consequences of his course, and saw, by his first and second attempts, what burdens he would impose on the complainant. To my mind, he ought to restore things to their former *status*. It is true that this is not on final hearing, but the defendant has filed his answer; witnesses have been fully examined before me, over forty for the complainant, over thirty for the defendant, presenting in all about three hundred pages of printed evidence, so that I do not see how it is reasonably to be expected that the material facts upon which I have relied can very well be overcome, especially when many of them of great

value come from the witnesses of the defendant.    I will advise that a mandatory injunction do issue.

*Messrs. Garrison & French,* for the appellant.

*Mr. J. W. Westcott,* for the respondent.

The opinion of the court was delivered by

SCUDDER, J.

This case is burdened by the large amount of testimony taken by many witnesses examined on the rule to show cause why a preliminary injunction should not be issued.    The affidavits annexed to the bill were met by the answer and affidavits in reply. Besides these full evidence was offered and taken, as if in preparation for final hearing.    In these preliminary proceedings, therefore, the whole case has been substantially heard, decided and relief given as if on final hearing.    Other affidavits than those annexed to the bill for injunction and the answer may not be read unless taken on application and for special reasons.    *Ch. Rule 121.    Cleveland* v. *Citizens Gas Light Co., 5 C. E. Gr. 201,* is a case where, for such reasons, similar proofs were taken.    But although the objection was made when the testimony was taken, and on the argument, yet this practice is discretionary, and not appealable.    *3 Dan. Ch. Pr. § 1884; Poor* v. *Carleton, 3 Sumn. 70.*    Such is, however, the true position of the case, that it is here to be examined on the affidavits taken in proceedings for a preliminary injunction, and not on appeal from a final decree.

The *gravamen* of the defendant's appeal is, that by this course of proceeding the court has been induced to grant a mandatory order to remove alleged obstructions, which have been put up for the improvement of his property, under claim of right to do so, and with denial of the right of the complainant to overflow his lands.    This right of overflow has never been adjudged at law; nor, according to the established practice in equity, on a final hearing.    The practice of these courts in ordering mandatory injunctions on a preliminary or interlocutory motion was

thoroughly examined by Chancellor Zabriskie in *Rogers Locomotive Works* v. *Erie R. R. Co., 5 C. E. Gr. 379*, with the conclusion, that a mandatory injunction, or one which commands the defendant to do some positive act, will not be ordered, except on final hearing, and then only to execute the decree or judgment of the court, and never on a preliminary or interlocutory motion, *except* in cases of obstruction to easements or rights of like nature, in which a structure erected and kept as the means of preventing such enjoyment, will be ordered to be removed, as part of the means of restraining the defendant from interrupting the enjoyment of the right.

There is, however, a qualification to be added to this statement of the principle established in that case, which has been subsequently approved and followed in our courts. It is applicable to the present case, and is found in *Durell* v. *Pritchard, L. R. (1 Ch. App.) 244*, which decides, that there is no rule which prevents the court from granting a mandatory injunction where the injury sought to be restrained has been completed before the filing of the bill, and there is no difference in this respect between injury to easements and to other rights. *But* the court will only grant such an injunction to prevent extreme or very serious damage. That was a case on final hearing, where the complaint was made that there was a substantial obstruction both to the right of way and to the light and air by the erection of a building near to that occupied by the complainant. The court said, that as to none of these grounds was there any such extreme or serious damage as to justify the mandatory injunction which was asked. As to the right of way, it was not wholly stopped, and the question was one of comparative convenience of the right of way as it formerly existed and as it now exists, and that the diminution of light and air was not such as would warrant the court in granting the relief which was asked by the removal of the building. The court doubted also whether the complainant had, at the time of filing his bill, any case entitling him to relief in equity. *Hart* v. *Leonard, 15 Stew. Eq. 416*, considers the cases wherein a substantial dispute over a private legal right in land is cognizable in a court of equity. We

have decided this case on other grounds. In *Lord* v. *Carbon Iron Co., 11 Stew. Eq. 452,* Vice-Chancellor Van Fleet has stated what is now the settled law in our courts, that as this form of injunction, to accomplish its purpose, must command or coerce the defendants to do certain affirmative acts, not merely to remain inactive or refrain, it is rarely granted before final hearing or before the parties have had a full opportunity to present all the facts in such manner as will enable the court to see and judge what the truth may be. It is always granted cautiously, and is strictly confined to cases where the remedy at law is plainly inadequate. A preliminary mandatory injunction will be ordered only in case of extreme necessity. *Delaware, Lackawanna & Western R. R.* v. *Central Stock-Yard Co., 16 Stew. Eq. 77, 605; Herbert* v. *Pennsylvania R. R. Co., 16 Stew. Eq. 21; Whitecar* v. *Michenor, 10 Stew. Eq. 6; Longwood Valley R. R. Co.* v. *Baker, 12 C. E. Gr. 166; High Inj.* § *2; 2 Story Eq.* § *929 (b).*

The examination of the facts in this case do not show that extreme or very serious damage, at least, will ensue from withholding the relief given by this mandatory order, nor does it clearly appear that the complainant is entitled to it.

The allegations and proofs of the complainant that this is an ancient water-course, running through her land, crossing the road, and flowing over the land of the defendant, are met by the denial in the answer and the affidavits of the defendant that it is such water-course. On the contrary, it is said, that it was a gully or depression on the lands of the complainant, which, in times of heavy or continued rains, received the surface-water and carried it to the road, where it was run off, or soaked away; that it was only in extremely heavy rains that it crossed the road and ran on to the lands of the defendant; that about 1872 or 1873 ditches and drains were made on the lands of the complainant, that turned all the soakage of the adjacent low, wet and marshy lands into this gully, or into a running stream about five hundred feet north of this gully, which, it is not disputed, is an old water-course; that the effect was to increase the flow of water, and make a trunk across the road necessary at this point to save

Bailey *v.* Schnitzius.

it from washing out and keep it possible for travel; and that in heavy rains the water passing through the trunk was emptied from the west side of the road on the defendant's lands; that without this accumulation and concentration of water from these drains and ditches, into the larger artificial ditch made by the complainant in the gully, and leading to the road, there would be no overflow of the road, or over it on the defendant's lands. If the complainant has imposed this increased burden on the defendant's land to the extent of such increase, the defendant may have the right to protect himself. This he claims he has done by the filling in and embankment on the westerly line of the road and on his own land, of which complaint is made in the bill.

But the particular injury which the complainant sets up as causing such extreme or very serious damage as to call for a mandatory injunction, is that, by the back-water and washing in, the road in heavy rains is made impassable. In this, if it appear, she must show peculiar damage to herself as an individual, and not general damage as one of the public. Her house is near the road, a short distance from this filling or embankment, and the evidence shows, that, since the filling in of the defendant's land, the road has been impassable in times of heavy rains, whereby the complainant has been obliged to go by another road, about a mile and a half farther, when wishing to travel in that direction over a public road. There is no proof of actual damage by back-water on the complainant's land causing irreparable injury, nor does it appear that she is barred from getting off her premises on to a public road. It is a case of inconvenience rather than one of extreme necessity; and the relief sought by mandatory injunction, before the facts are fully heard and settled on final hearing, is not according to the practice of a court of equity.

The injunction order will be reversed.

*Order unanimously reversed.*