Concisely stated, the complainant prosecutes this cause to obtain a final decree adjudicating that the transaction to which the bill relates was in its legal significance a loan in connection with which the complainant pledged with the *Page 485 
defendant the large quantity of metals represented to be worth $78,000 now in the defendant's possession, and that upon the payment by the complainant to the defendant of the amount of the loan found to be due and unpaid the defendant be directed to surrender the metals to the complainant.
I observe that the cause arrived at issue and that it has been referred to me, and a date has been designated for final hearing. Moreover, the complainant has the protection of an order restraining the defendant, pendente lite, from disposing of the metals or otherwise destroying the subject-matter of the litigation.
Nevertheless, the complainant now solicits in the nature of auxiliary aid, an order which will enable it immediately, I quote, "to procure the materials described in the bill of complaint so that it may use the same in the ordinary course of its business during the pendency of these proceedings and is willing and offers to deposit with the court sufficient cash to pay to the defendant the amount which may be found to be due to it or such other sum as to the court may seem proper and sufficient to indemnify and hold harmless the defendant from the loss which it might sustain should these proceedings be decided in favor of the defendant." The petition embodies a naked and unelaborated averment that if the complainant is deprived of the use of the materials during the pendency of the cause, it will sustain irreparable injury.
In essence, the complainant seeks intermediate relief of a mandatory character. The power of this court to award such relief is indubitable, but it is exercised only in extreme cases where the basic right of the party requesting such extraordinary assistance is very clear, and where considerations of the relative inconveniences bear strongly in favor of the applicant.Rogers Locomotive, c., Works v. Erie Railway Co., 20 N.J. Eq. 379; Longwood Valley Railroad Co. v. Baker, 27 N.J. Eq. 166;Shivers v. Shivers, 32 N.J. Eq. 578; affirmed, 35 N.J. Eq. 562; Whitecar v. Michenor, 37 N.J. Eq. 6; Lord's Ex'rs v.Carbon Iron Manufacturing Co., 38 N.J. Eq. 452; Broome v. NewYork, c., Tel. Co., 42 N.J. Eq. 141; 7 Atl. Rep. 851; Delaware,Lackawanna and Western *Page 486 Railroad Co. v. Central Stock Yard and Transit Co., 43 N.J. Eq. 71; 10 Atl. Rep. 490; 43 N.J. Eq. 77; 10 Atl. Rep. 602;
affirmed, 43 N.J. Eq. 605; 12 Atl. Rep. 374; Hodge v. Giese,43 N.J. Eq. 342; 11 Atl. Rep. 484; Bailey v. Schnitzius,45 N.J. Eq. 178; 16 Atl. Rep. 680; National Docks, c., Railway Co.
v. Pennsylvania Railroad Co., 54 N.J. Eq. 10; 33 Atl. Rep. 219;Allman v. United Brotherhood of Carpenters, c., 79 N.J. Eq. 150,156; 81 Atl. Rep. 116; affirmed, 79 N.J. Eq. 641;83 Atl. Rep. 1118; McCran v. Public Service Railroad Co., 95 N.J. Eq. 22,26; 122 Atl. Rep. 205; Jersey City, Mayor, c., v.Coppinger, 101 N.J. Eq. 185, 191; 137 Atl. Rep. 572;Spoor-Thompson Machine Co. v. Bennett Film Laboratories, c.,105 N.J. Eq. 108, 112; 147 Atl. Rep. 202; Fraxam, c., Corp. v.Skouras, c., Corp., 113 N.J. Eq. 509, 511; 167 Atl. Rep. 672;Adelman v. Universal Fur Dressing Co., 116 N.J. Eq. 511;174 Atl. Rep. 523. Re the balancing of conveniences, see: Chetwood
v. Brittan 2 N.J. Eq. 438; Clark v. Wood, 6 N.J. Eq. 458;Morris Canal, c., Co. v. Jersey City, 11 N.J. Eq. 13; Furman
v. Clark, Ibid. 135; Jones v. Newark, Ibid. 452; Hinchman v.Paterson, c., Co., 17 N.J. Eq. 75; Erie Railroad Co. v.Delaware, Lackawanna and Western Railroad Co., 21 N.J. Eq. 283;Scanlan v. Howe, 24 N.J. Eq. 273; Higgins v. Westervelt,44 N.J. Eq. 254; 14 Atl. Rep. 118; Delaware, Lackawanna and WesternRailroad Co. v. Breckenridge, 56 N.J. Eq. 595; 40 Atl. Rep. 23;Simmons v. Paterson, 60 N.J. Eq. 385; 45 Atl. Rep. 995; GeneralInvestment Co. v. Bethlehem Steel Corp., 88 N.J. Eq. 237;102 Atl. Rep. 252; Christiansen v. Local 680, c., 127 N.J. Eq. 215; 12 Atl. Rep. 2d 170; Van Buskirk v. Sign Painters,c., 127 N.J. Eq. 533; 14 Atl. Rep. 2d 45; Isolantite v.United Electrical, c., America, 130 N.J. Eq. 506; 22 Atl. Rep.
2d 796; modified, 132 N.J. Eq. 613; 29 Atl. Rep. 2d183; Kerr on Injunctions [*]231.
There are several accordant rules which are uniformly observed in our practice. For examples, if the issuance on preliminary application of an injunctive order mandatory in nature will have the effect of granting to the complainant all the relief that he could obtain upon a final hearing, the *Page 487 
application should be denied, except in very rare cases, and then only where the complainant's right to relief is clear and reasonably certain. Grand Castle G.E. v. Bridgeton Castle No.13, K. of G.E., 40 Atl. Rep. 849; Cf. National Docks, c.,Railway Co. v. Pennsylvania Railroad Co., supra.
Also, it is generally held, subject to some cogent exceptions, to be improper to award a preliminary order which, in effect, will compel the transfer of property from one litigant to another, especially where, as here, the legal title is in dispute and the party in possession asserts ownership in itself or others. Spoor-Thompson Machine Co. v. Bennett FilmLaboratories, c., supra; Fraxam, c., Corp. v. Skouras, c.,Corp., supra; 28 Am. Jur., "Injunctions," § 21; 32 A.L.R. 894
and 917; 1 High, Injunctions (4th ed.), § 4; 1 Beach, Inj., § 112.
The present petition does not persuade me that the subject-matter of this cause of action ushers it into that limited category of anomalous cases in which the requested type of preliminary relief is warranted. Nor does the petition adequately exhibit the alleged irreparable character of the apprehended injury. Pom. Eq. Rem. (2d ed.) 1970 (§ 556).
The application is denied.