ASHBEL W. COREY v. WILLIAM T. VOORHIES and CHARLES F. VOORHIES.

It is requisite that the party obtaining an injunction use due diligence in expediting his cause; and if the complainant is guilty of gross neglect in proceeding with his suit, the injunction will be dissolved.

It is no ground for the dissolution of an injunction, that the subpœna could not be served; nor, that the injunction itself was served illegally, or without the jurisdiction of the court.

Upon a motion to dissolve an injunction on the ground that the subpœna has not been served, the sheriff's return to the subpœna is conclusive, and cannot be contradicted by affidavits, unless collusion be shown between the sheriff and the complainant or his solicitor.

THIS bill, which was for an injunction, was filed on the 26th of August, 1837, and contained the usual prayer for a subpœna. A subpœna had been issued, returnable to the term of October, 1837, and returned by the sheriff of Essex, that the defendants could not be found in his county to be served with process, with the usual affidavit of non-residence. At the same term an order of publication was made. An injunction, pursuant to the prayer of the bill, had been issued and served upon the defendants in the state of New-York.

[Corey v. Voorhies.]

*R. Van Arsdale,* for the defendants, now moved to dissolve the injunction, and in support of his motion read the affidavits of the defendants. . He also cited 1 *Grant's Ch. Prac.* 76, 329; 1 *Edwards's Rep.* 631; 1 *Price's Rep.* 92; 3 *Brown's Chan. Rep.* 476; 18 *Vesey, jr.* 471; *Halsted's Dig.* 178; 1 *Ves. and B.* 419; 4 *Paige,* 439, 425.

The grounds of the application sufficiently appear in the opinion of the chancellor.

*A. Whitehead,* contra.

THE CHANCELLOR.  R. Van Arsdale, in behalf of the defendants, moved to dissolve the injunction issued in this cause, on three grounds :—1. Because the defendants had never been served with a subpœna : 2. Because the injunction was served out of this state and in the state of New-York ; and 3. Because the original injunction was not shown to the party at the time of the service.

As to the first ground:—According to the English practice, a subpœna is required in many cases to be served before the application for an injunction can be made, and in fact will not then be allowed until answer or default in the party in not appearing. In all such cases, it becomes very important to know that the subpœna has been issued and served. Under our practice injunctions are issued on filing the bill, and before issuing a subpœna or waiting for an answer. The only requirement which the court can make on the party obtaining the injunction, is, that he use due diligence in expediting his cause. Nothing could work greater injustice, than to allow a party to obtain an injunction, and then let his cause sleep. It was accordingly decided by chancellor Williamson, at April term, 1829, (see a reference to this case in *Halsted's Digest,* 178,) that a party must take out a subpœna on taking out an injunction, and that he would dissolve an injunction if that practice was not adopted. The same rule would apply to any other case of gross neglect on the part of the complainant to progress in his suit.

In the present case, it is agreed by counsel on the argument, that the bill was filed on the 26th day of August, a subpœna taken out returnable to the next stated term of the court, and returned by the sheriff of the county of Essex that the defendants could not be found in his county to be served with process, with his affidavit in the usual form of their being absent defendants residing in the state of New-York; and that an order of publication was made at the term to which the subpœna was returned. What could the complainant have done more ?

The defendants have severally made affidavit that they have not been served with a subpœna; and one of them, that since filing the bill he has repeatedly been in the county of Essex. These affidavits do not vary the case. The return of the sheriff should be conclusive for the present purpose, unless some collusion is shown to exist between the sheriff and the complainant or his solicitor, which is not pretended. Besides, all that the defendants swear to may be perfectly true, and the sheriff never have seen the defendants in his county or been able to make personal service on them or either of them. I cannot, therefore, as the complainant seems to have done all in his power to progress with his suit, according to the practice of the court, sustain the motion on the ground that the subpœna was not served.

As to the second and third reasons, they cannot lay the foundation for dissolving an injunction. If the injunction has been served out of the jurisdiction of the court, and in a manner not conformable to the settled practice, that may all be very proper to urge on a motion for an attachment for a contempt in case of disobedience to its requirements, but cannot be a reason for setting aside the injunction and order. There are cases where the party will be considered in contempt when the injunction was not regularly served, provided they were present in court at the time it was ordered, or had other certain knowledge that the same had been ordered. The motion therefore must be denied.