Joseph E. West v. Isaac Smith, Sheriff of Atlantic.

Where the complainant omits to have the subpœna served and returned at the term to which it is made returnable, the injunction will be dissolved.

It is not essential that a subpœna be served by the sheriff or coroner. It may be served by a private person, but in such case an affidavit must be made of the manner and time of service, and upon the return of the writ a rule must be taken on the defendant to plead, answer or demur, at or before the next stated term of the court.

A bill was filed in this cause for an injunction to restrain the defendant, as sheriff of the county of Atlantic, from selling certain real estate of the defendant under or by virtue of executions at law in the sheriff's hands. The bill was filed on the 9th day of November, 1839, and an injunction pursuant to the

[West v. Smith.]

prayer of the bill allowed and served. At the same time a subpœna was issued, returnable to January term, 1840, which was never served. Prior to the April term, and before notice was given of the present motion, a new subpœna issued, returnable to April term, 1840, which was returned served.

*Wilson*, for defendant, now moved to dissolve the injunction, for the neglect of the complainant in proceeding with his suit.

*Lanning*, for complainant, contra, stated that on filing the bill a subpœna was issued and delivered to the complainant to be served, but that the writ was against the sheriff, and there were no coroners in the county, so that the subpœna could not be served.

THE CHANCELLOR. The injunction must be dissolved. The complainant has not proceeded with his suit as he ought to have done. A subpœna in chancery need not necessarily be served by a sheriff or coroner. It may be served by any other competent person; but in such case there must be an affidavit of the manner and time of service, and upon the return of the writ a rule must be taken upon the defendant to plead, answer or demur at or before the next stated term of the court. It is certainly proper, in all ordinary cases, that the process of the court should be served by the sheriff or other officer known to the law, but the court has repeatedly sanctioned the service of its process by a private person.

* Injunction dissolved, with costs.

* See case of *Corey* v. *Voorhies et al.*, ante, page 5.