The Chancellor.
'When this injunction was allowed, it was with some reluctance, from the fact, that the complainant bad not applied to the court for protection with as much promptness as be ought. It now appears be is in default in not issuing bis subpoenas with proper diligence. The injunction was granted on the 6th day of February, the first day of the last term of the court, and up to the time of this application, April 4th, no subpoenas have been returned. As, by the statute, a subpoena may be returned in vacation, and the legislature has endeavored, by late enactments, to facilitate proceedings in this court, it must be exacted of every party that- be use due diligence *332 in expediting his cause. The subpoena must be taken out with the injunction. The rule of the court requires the injunction to be served within ten days after the issuing thereof, and a return of service made to the court within twenty days after such service. The practice will be hereafter strictly followed requiring the subpoena to be taken out with the writ of injunction, and returned to the court within the time prescribed by the rule for a return of service of the injunction.
In this case the complainant is in laches according to the practice heretofore adopted. West v. Smith, 1 Green’s Ch. Rep. 309; 1 Halst. Dig. 535, § 1; and the injunction must be dissolved with 'costs.