MICHAEL ALLMAN et al.

*v.*

UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA et al.

[Decided September 15th, 1911.]

1. When a preliminary writ of injunction issues a *subpœna ad respondendum* must be taken out with it and returned into court within the time prescribed by rule for the return of service of the injunction, or, in default, the injunction will be dissolved, on defendant's motion.

2. To make such motion, the defendant, not being in court by plea, answer or demurrer, would have to appear formally for the purpose. And if he desires to appear specially for that purpose only and not have his appearance operate to clothe the court with jurisdiction over him generally in the suit, it seems he must obtain leave of the court to enter such an appearance.

3. There is a material distinction between a preliminary writ of injunction and an *ad interim* restraining order. The injunction runs—to use its language—until the defendant "shall have fully answered the bill of complaint and our said court shall make other order to the contrary." An *ad interim* restraining order always commands the defendant to show cause on a certain day why an injunction should not issue, and he is thereby brought into court for the purpose of that motion only, and thus afforded an opportunity to litigate with the complainant as to the propriety of the issuance of an interlocutory injunction, without the filing of an answer and without appearing generally in the cause.

4. Mandatory injunctions are rarely granted before final hearing, and are, as a general rule, strictly confined to cases where the remedy at law is plainly inadequate.

5. To justify the issuing of an interlocutory injunction, the case made by the complainant must exhibit a right free from doubt or reasonable dispute; and the writ will not issue where the complainant's case is doubtful on the law or the facts. To doubt is to deny.

On bill, &c.   On application for a preliminary injunction.

*Mr. Samuel F. Leber,* for the complainants.

*Mr. Henry Carless,* for the defendants.

WALKER, V. C.

This is an application for a preliminary injunction, the complainants being all of the members of Local Union 1787 of the United Brotherhood of Carpenters and Joiners of America, and the suit is brought against the United Brotherhood of Carpenters and Joiners of America, a national union of carpenters and joiners, and, succinctly stated, the bill prays for a decree restoring the complainants to full membership rights in the defendant association, alleging an illegal suspension therefrom, and also prays an injunction restraining the defendants from boycotting any of the complainants and any person employing or intending to employ the complainants or any of them.

The bill was filed July 24th, 1911, and an order was made thereon the same day, commanding the defendants to show cause on the 1st day of August then next why an injunction should not issue according to the prayer of the bill, and also ordering that in the meantime and until the further order of the court the defendants and each of them, their agents, servants, attorneys, confederates and any and all persons acting in aid of or in conjunction with them, or any of them, be restrained from conspiring, agreeing or combining to obstruct or prevent any of the complainants from procuring employment, and from interfering with any person, firm or corporation employing any of them, and from declaring or threatening any boycott against any of them, and from declaring or threatening any boycott against any of the

products of any person, firm or corporation employing them, and from printing, issuing, publishing or distributing any copy of any newspaper, magazine, circular, letter or document which shall in any manner refer to any of the complainants or their association, Local Union 1787, as being non-union, unfair or scabs, and from procuring the dismissal from employment of any of the complainants.

On the return day an order was made on application of defendants' counsel continuing the hearing on the order to show cause, to August 22d, 1911, and on that date the matter was continued to August 24th, 1911, when it came on to be heard upon bill and affidavits, and on affidavits on behalf of defendants, in the presence of counsel of both parties.

As one of the contentions on behalf of the defendants, it was urged that no injunction should be awarded, and that the bill should be dismissed, because no *subpœna ad respondendum* had been taken out and served upon the defendants, although four weeks had elapsed since the filing of the bill.

It is entirely settled that upon the issuance of a preliminary writ of injunction a subpœna must be taken out and served. *Lee v. Cargill, 10 N. J. Eq. (2 Stock.) 331.* The penalty for neglect is dissolution of the injunction. If a preliminary injunction had issued in this case instead of a temporary restraining order, the motion now made on behalf of the defendants would have to be granted. In *Lee v. Cargill,* Chancellor Williamson said that the practice would be thereafter strictly followed requiring the subpœna to be taken out with the writ of injunction and returned into court within the time prescribed by the rule for return of service of the injunction. The reason is that the suitor who would restrain his adversary must use due diligence in expediting the cause.

The bill in this cause prays for an answer without oath, but, upon the issuance of either a preliminary injunction or a preliminary restraining order, the defendants might have come in and answered the bill on oath, and such answer would have been evidence for them on motion to dissolve the injunction, or in resisting its issuance, notwithstanding the prayer for answer with-

out oath. *Ireland* v. *Kelly, 60 N. J. Eq.* (*15 Dick.*) *308.* But no answer is required without a subpœna compelling it.

If a complainant could obtain a preliminary injunction and not summon the defendant to answer the bill, he could thereby perpetually enjoin him without litigating the matter in dispute between them, unless the defendant voluntarily appeared and answered. Ordinarily, defendants do not voluntarily appear; they are generally unwilling to involve themselves in the annoyance and expense of litigation, with the hazard of defeat, unless compelled to do so by a compulsory process of the court. And that is why it is that a complainant obtaining a preliminary injunction is required to speed his cause and bring the defendant compulsorily into court at the earliest day and afford him an opportunity to answer involuntarily, and obtain the benefit of his answer.

The writ of injunction now rarely issues upon the filing of a bill, but in its stead an order is usually made requiring the defendant to show cause on a certain day why an injunction should not issue, and usually that order contains an *ad interim* restraint, and is generally called a restraining order, although sometimes it is called an injunction order. Now, an order to show cause serves the purpose of a subpœna issuing with a preliminary writ of injunction to this extent: it compels the defendant's appearance on the return of the order, thus affording him an opportunity, by the use of *ex parte* affidavits, to combat the complainant's claim to a preliminary injunction, without his having to answer or appear generally. Of course, he may make this resistance by answer and affidavits as well as by affidavits alone, but does not have to file an answer and thus put himself voluntarily in court. If, on the return of the order to show cause, it is made absolute and a preliminary injunction is ordered to issue, then a subpœna must go out with the injunction, unless, of course, the defendant has already voluntarily answered.

There is a material distinction between a restraining order and an injunction. *16 Am. & Eng. Encycl. L.* (*2d ed.*) *349; Dean* v. *Bonnell, 4 N. J. L. J. 348.* In this case (*Dean* v. *Bonnell*) the bill for injunction was filed and an order to show cause, including a restraint, was made, and the hearing thereon adjourned

several times, and then a motion was made on the part of the defendant to dismiss the bill on the ground that no subpœna to answer had been issued. Vice-Chancellor Dodd observed that the case of an order to show cause was different from that of an injunction, the order itself commanding the defendant to show cause on a certain day being sufficient to bring him into court.

Upon the authorities, therefore, my conclusion is, that a subpœna is not required to be taken out with a restraining order which commands the defendant to appear on the return day and show cause why an injunction should not issue, but that when a preliminary injunction issues *ex parte* upon the filing of a bill without any order to show cause being made, as it sometimes does, it runs—to use its language—until the defendant "shall have fully answered the bill of complaint, and our said court shall make other order to the contrary;" and if the defendant would seek to have the restraint removed, he must answer (unless the chancellor shall allow the motion to be heard on affidavits under rule 123), and he can be compelled to answer only by the service of subpœna for that purpose; he is never obliged to appear voluntarily.

If, on the hearing of an order to show cause a preliminary injunction is awarded, then a subpœna must be issued with the injunction, and if it is not issued and returned served within the time prescribed by the rule for the return of the injunction (*Lee* v. *Cargill, ubi supra*), the injunction would be dissolved on the defendant's motion. To make this motion, the defendant, not being in court by plea, answer or demurrer, would have to appear formally for the purpose. *Groel* v. *United Electric Co., 68 N. J. Eq.* (*2 Robb.*) *249, 251.* And if the defendant desires to appear specially for the purpose of making the motion to dissolve only and not to have his appearance operate to clothe the court with jurisdiction over him generally in the suit, he must doubtless obtain leave of the court to enter such an appearance. *Dan. Ch. Pl. & Pr.* (*6th Am. ed.*) *453.* In the unreported case of *Reimers* v. *Magowan* (*July 9th, 1901, docket 23, p. 389*), in which a preliminary injunction had issued without a subpœna having been issued and return served within the time in which the injunction was returnable, counsel for the defendant, Skirm,

applied for and obtained leave from Vice-Chancellor Reed to appear specially for the purpose of moving to dissolve the injunction as to him, and, such appearance being entered, the injunction was, on hearing of the motion, dissolved as to that defendant.

This brings me to the consideration of the propriety of the issuance of a preliminary injunction.

In the first place, let it be stated that there is neither allegation nor proof that the defendants have printed or distributed any magazine or document asserting that Local Union 1787, or its members, are non-union, unfair or scabs, and in that respect the restraining order is too broad, and it would, therefore, to that extent, have to be modified. All that the defendants did in this regard was to publish in their official journal, "The Carpenter," in the April number, 1911, "that Local Union 1787, by orders of the G. E. B. (General Executive Board), has been and at this moment stands suspended from our organization." It was not proved that there is any threat or intention of repeating even this assertion. In this situation, a preliminary injunction should be refused. *Pennsylvania Railroad Co.* v. *National Docks Railway Co., 52 N. J. Eq.* (*7 Dick.*) *555.*

The other part of the case refers to the alleged unlawful suspension of Local Union 1787 from the national body and the prayer for restoration to membership, and of attempts of the defendants to prevent the complainants from obtaining employment by means of the boycott, threats, &c. As to this the denials of the defendants under oath are as explicit as the sworn assertions of the complainants, and put the facts relied upon for the injunction in such a state of equipoise or doubt as, under the well-known rule, to forbid of the issuance of a preliminary injunction.

It is perfectly well settled that whenever the complainant's case is doubtful on the law or the facts a preliminary injunction will not issue. To doubt is to deny. To justify the issuing of an interlocutory injunction the case made by the complainant must exhibit a right free from doubt or reasonable dispute. *Roberts* v. *Scull, 58 N. J. Eq.* (*13 Dick.*) *396.*

As to restoration to membership on account of the alleged illegal suspension from the national body of Local Union 1787, a mandatory injunction would be required, and such writs are rarely granted before final hearing, and are, as a general rule, strictly confined to cases where the remedy at law is plainly inadequate. *Lord's Executors* v. *Carbon, Iron Manufacturing Co., 38 N. J. Eq. (11 Stew.) 452.* It was conceded on the argument that this case did not fall within the exception to the rule. Therefore no mandatory injunction may preliminarily issue for the restoration of the local to the general body.

Other questions raised and discussed on the hearing are without controlling force, and it is unnecessary to decide them.

Upon this whole matter I am constrained to the conclusion that the complainants are not entitled to a preliminary injunction, and the restraining order must, therefore, be dissolved.

No costs will be awarded on this application. The costs will abide the event of the suit.