RELIABLE CLOAK COMPANY, complainant-appellant,

*v.*

CLARA SORBELLA et al., defendants-respondents.

[Argued March 19th, 1925.  Decided May 18th, 1925.]

Upon the issuance of a preliminary injunction, a subpœna must be taken out and served, but the only penalty for failure to do this is a dissolution of the injunction, and a dismissal of the bill for that reason is improper.

On appeal from a decree advised by Vice-Chancellor Ingersoll, dismissing complainant's bill of complaint.

*Messrs. Cole & Cole,* for the appellant.

*Mr. Walter S. Keown,* for the respondents.

The opinion of the court was delivered by

KALISCH, J.

The complainant filed its bill for injunction against the defendants in the court of chancery, to the end that they be restrained from interfering with the business of complainant, and from unlawfully intimidating and interfering with its employes, &c. On the 6th day of August, 1923, a rule to show cause was allowed ordering the defendants to show cause, on the 14th day of August, 1923, why an injunction should not issue in accordance with the prayer of the bill, and in the meantime the defendants were restrained from personal molestation of persons willing to be employed by complainant with attempting to coerce such persons from entering complainant's plant, &c. After a hearing, the proceedings resulted in the issuance of a writ of injunction on July 29th, 1924, against the defendants. On the 9th day of September, 1924, counsel of defendants gave written notice to the complainant's counsel on September 15th, 1924, of a motion to be made in the court of chancery to dismiss the original bill of complaint, for the following reasons: 1. That complainant had failed to serve copies of the preliminary injunction upon the defendants. 2. That the complainant failed to cause subpœnas to be issued for the defendants to answer the bill of complaint within the time limited of the rules of the court. 3. That the complainant had failed to diligently prosecute the suit. On the 12th day of September, 1924, before the return day of the motion, counsel of complainant caused a subpœna to be issued to the defendants. The matter came on for a hearing before Vice-Chancellor Ingersoll, who dis-

missed the bill upon the ground that the complainant had not issued the subpœna to answer in accordance with the rules and practice of the court of chancery.

From this order the complainant appeals to this court.

The learned vice-chancellor relied for his action in dismissing the bill on *Allman* v. *United Brotherhood of Carpenters and Joiners of America et al., 79 N. J. Eq. 150.* It is evident from a reading of the case that the vice-chancellor must have misconceived the purport of the decision. What Chancellor Walker, then vice-chancellor, said in that case (at *p. 152*), is as follows: "It is entirely settled that, upon the issuance of a preliminary injunction, a subpœna must be taken out and served. *Lee* v. *Cargill, 10 N. J. Eq. (2 Stock.) 331.* The penalty for neglect is dissolution of the injunction."

In *Lee* v. *Cargill, supra,* Chancellor Williamson (at *p. 332*) said: "The subpœna must be taken out with the injunction. The rule of the court requires the injunction to be served within ten days after issuing thereof, and a return of service made to the court within twenty days after such service. The practice will be hereafter strictly followed requiring the subpœna to be taken out with the writ of injunction, and returned to the court within the time prescribed by the rule for a return of service of the injunction. In this case the complainant is in laches according to the practice heretofore adopted. *West* v. *Smith, 1 Gr. Ch. Rep. 309; 1 Halst. Dig. 535 § 1.* And the injuction must be dissolved, with costs."

The only penalty which follows the neglect to issue a subpœna is a dissolution of the injunction and not a dismissal of the bill.

The order dismissing the bill is reversed, with costs.

*For affirmance*—None.

*For reversal*—The Chief-Justice, Trenchard, Parker, Minturn, Kalisch, Black, Katzenbach, Lloyd, White, Van Buskirk, Clark, McGlennon, Kays, JJ. 13.