This is a foreclosure suit to which there are four defendants. Subpoena ad respondendum was issued by complainant's solicitor and returned to the clerk with no sheriff's return, but with an affidavit by complainant that he had served two of the defendants, and an affidavit by complainant's solicitor that he had served the other two. The clerk declined to accept and file this as a proof of valid service; whereupon complainant makes the present application — relying on West v. Smith, 2 N.J. Eq. 309.
It is true that in that case it is stated that service need not necessarily be made by a sheriff or coroner — that "it may be served by any other competent person." There is no definition as to who may constitute such class of "competent persons." West
v. Smith, however, was decided in 1840, long prior to the amendment of 1880 (P.L. 1880 p. 24) to section 13 of the Chancery act then in force; which amendment required service thereafter to be made by the "same officers now authorized to serve writs of summons and other common law processes." Essentially the same requirement is found in section 3 of the present Chancery act. P.L. 1902 p. 511. *Page 75 
Moreover the chancellor said, in West v. Smith, supra:
"It is certainly proper in all ordinary cases that the process of the court should be served by the sheriff or other officer known to the law," indicating thereby that in order for the court to sanction service by a private person, good and sufficient reason should be shown why service in the usual way could not be made. In that case the process was directed against the sheriff himself and there was no coroner in the county.
In the present case there is no proof before the court of any circumstances showing that any situation out of the ordinary exists. The reason offered orally by complainant's solicitor as sufficient to justify service by a private person, is that "he had no definite address for the defendants and was compelled to locate them himself." Assuming this "reason" to be properly before the court, it is obvious that it in nowise is sufficient to avoid the requirement of service by the sheriff. If the complainant's solicitor could by himself locate the defendants, he could equally well have done so accompanied by the sheriff or his deputy — and can still do so.
It is not necessary here to determine whether or not service of process to respond must be made in all instances by one of the statutory officials; it is sufficient to decide that service must be made in that manner where it does not appear that such service is not feasible.
Motion denied. *Page 76