The complainant seeks to restrain the defendants from certain acts alleged to be unfair competition, conspiracy, unlawful invasion of rights of complainant to carry on its business, and acts in restraint of trade. Of the eight defendants named in the bill only two were served with process (order to show cause) within this state. The remaining six defendants, foreign corporations, having no office, agent or place of business within this state, were served in New York. Two of such foreign corporation-defendants, Big U Film Exchange, Incorporated, and Columbia Pictures Corporation, petitioned the court for leave to enter a special appearance to question the jurisdiction of the court over them, and such leave was granted. Complainant urges that this court should in limine (1) restrain the defendant Skouras Theatre Corporation from purchasing for the current year more motion picture films than it can normally use and display in the conduct of its business; (2) allow a mandatory injunction commanding such of the defendants as are distributors of motion picture films to apportion "first-run" pictures between the Plaza Theatre, of the defendant Skouras Theatre Corporation, and the Englewood Theatre, of the complainant, or, in the alternative, to limit the amount thereof to that which the Skouras Theatre Corporation can actually display in the conduct of its Plaza Theatre, and (3) by injunction limit the protection clause of contracts concerning the aforesaid Plaza Theatre to no more than seven days. The complainant cannot prevail in the matter subjudice, notwithstanding no proofs are before the court in behalf of any of the defendants other than the Skouras Theatre Corporation which has filed an answer denying such allegations of the bill as aver alleged causes of action against it, and by way of defense sets out matter in justification of certain acts alleged against it in paragraphs 15, 16 and 17 of complainant's bill. Said defendant, by its *Page 511 
answer, further says that said complainant, if remedy it has, has a full, adequate and complete remedy at law, and that this court has no jurisdiction over the subject-matter of the suit; and it asserts such defenses as if upon a motion to strike the bill and reserves the right to move to strike the bill at or before the hearing of the cause. It is well settled that whenever a complainant's case is doubtful on the law or the facts a preliminary injunction will not issue. To justify the issuing of a preliminary injunction the case made by the complainant must exhibit a right free from doubt or reasonable dispute. "To doubt is to deny." Allman v. United Brotherhood of Carpenters,79 N.J. Eq. 150; affirmed, Ibid. 641. The object of a preliminary injunction is to preserve the subject-matter in controversy, without determining the question of right, and "it cannot be used for the purpose of taking property out of the possession of one party and putting it into the possession of another." 1 HighInj. (4th ed.) § 4; 1 Beach Inj. § 112. And being largely a preventive remedy injunction will not ordinarily be granted where the parties are in disagreement concerning their legal rights, until the right is established by law. 1 High Inj.
(4th ed.) § 8. See Spoor-Thompson Machine Co. v. BennettFilm Laboratories, 105 N.J. Eq. 108 (at pp. 113, 114). Counsel for complainant stated in argument he appreciated that the relief sought in limine would be tantamount to a mandatory injunction, and, in fact, complainant expressly prays allowance of a preliminary mandatory injunction as to some matters complained of. I am convinced that no such relief should be granted in the matter sub judice. It is rarely granted before final hearing or before the parties have had full opportunity to plead all the facts in such a manner as will enable the court to see and judge what the truth may be. It is always granted cautiously, and is strictly confined to cases where the remedy at law is inadequate. Such an injunction will be ordered only in cases of extreme necessity. Spoor-Thompson Machine Co. v. Bennett FilmLaboratories, supra; Mayor, c., of Jersey City v. Coppinger,101 N.J. Eq. 185. I will advise an order denying the preliminary relief sought by the complainant in the matter sub judice. *Page 512