This matter comes before me on bill of complaint and affidavits attached thereto, order to show cause, answering affidavits and replying affidavits.
The complainants allege that they are all members of Local 25 of the International Fur Workers Union of the United States and Canada, and have been employed by the defendant corporation for periods of time ranging from several months to eight years, and until the early part of May, 1934, when the defendant Universal Fur Dressing Company closed its doors. Upon resuming operations in the latter part of May the company did not recall any of the complainants, but instead employed members of the defendant The Fur Dyers *Page 512 
and Dressers Department of the Needle Trades Workers Industrial Union.
The complainants allege that the defendant union attempted to destroy the union of the complainants and solicited the members of their said union to relinquish their membership and to become members of the defendant union; that upon reopening of the defendant's plant the business agent of the union to which complainants belong, applied for reinstatement of complainants as employes of the defendant corporation, and that the agent was informed that complainants would be reinstated if they became members of the defendant union. These acts of the defendant corporation and defendant union are alleged to be a violation of complainants' rights and entitle them to injunctive relief.
The complainants rely on an agreement made between the Universal Fur Dressing Company and the president of the United States under section 4 of the National Industrial Recovery act commonly known as the president's re-employment agreement, and on an agreement made by the defendant corporation and other corporations with the union of which the complainants are members, which it is alleged came into force by reason of the N.I.R.A., and contained a certain schedule of prices.
Some time prior to February, 1934, the defendant corporation became a member of the N.R.A., and so, complainants allege, bound itself to the rules and regulations laid down by the said federal act, section 7A whereof reads in part:
"7A (2). That no employee and no one seeking employment shall be required as a condition of employment to join any company union or to refrain from joining, organizing, or assisting a labor organization of his own choosing."
The bill further alleges that the work of the complainants was done in a satisfactory and efficient manner, and was not complained of and no reason for the failure to re-employ complainants was given except that they were members of Local No. 25; that the efforts of the Needle Trades Workers Industrial Union and its affiliates to induce the members of *Page 513 
said Local No. 25 to secede and join The Fur Dyers and Dressers Department of the Needle Trades Workers Industrial Union were made in concert with the defendant corporation, and caused the employers to break their contract with the complainant employes, and generally charges an unlawful conspiracy between defendants to the injury of complainants.
The bill prays decree that defendants are engaged in an unlawful conspiracy and that the defendant union be enjoined from "intimidating, coercing or compelling the complainants to quit the International Fur Workers Union" and to join the defendant union; that the defendant corporation employer be enjoined from violating its agreement under the National Industrial Recovery act by imposing upon complainants as a condition of re-employment that they become members of the defendant union or any other body except one of their own choice; from interfering with complainants in their right to organize and bargain collectively through representatives of their own choosing and from employingany rabbit dressers except complainants until all of the complainants have been re-employed in accordance with the alleged agreement set forth in the bill.
Complainants rely for relief by way of preliminary injunction upon Fryns v. Fair Lawn Fur Dressing Co., 114 N.J. Eq. 462.
The instant case is distinguishable in many important particulars from Fryns v. Fair Lawn Fur Dressing Co., chief among which is the fact that there Vice-Chancellor Bigelow found as set forth in the reported opinion that "defendant admits that it has made the reinstatement of complainants conditional on their joining the fur workers union. With that union only will it bargain." In the instant case the defendant company denies that it imposed upon its employes any such condition. In fact, all of the material allegations in the bill of complaint are denied by the defendant company and the defendant union in such manner that complainants' success, if confined to the proofs now before me, is doubtful on final hearing. And to doubt is to deny.
Moreover, the prayer in the bill of complaint is to enjoin the defendant company "from employing any rabbit dressers *Page 514 
except your complainants until all of your complainants have been re-employed" and is therefore mandatory in character. An injunction is mandatory when it compels the defendant to restore things to their former condition and virtually directs the defendant to perform an act. Bisp. Pr. Eq. § 400. The injunction, if granted, would oblige the defendant employer to discharge the persons presently employed who are members of the defendant union and to close its doors against them until all of complainants have been re-employed.
In Lord's Ex'rs v. Carbon Iron Manufacturing Co., 38 N.J. Eq. 452
(at p. 458), the court said: "They ask an injunction restraining the defendants from permitting water to flow from their mine into the complainants' mine through the two apertures. Though they pray that relief be granted to them by a simple prohibition, yet it is obvious that if the relief they ask be given to them, it must be mandatory in its character. * * * Injunctions of this nature are rarely granted before final hearing, or before the parties have had a full opportunity to present all the facts of the case in such manner as will enable the court to see and judge what the truth is." In Allman v.United Brotherhood of Carpenters, c., 79 N.J. Eq. 150;affirmed, Ibid. 641, Vice-Chancellor Walker said: "As to restoration to membership on account of the alleged illegal suspension from the national body of Local Union 1787, a mandatory injunction would be required, and such writs are rarely granted before final hearing." And in Earrusso v. Town ofMontclair, 114 N.J. Eq. 12, that portion of the preliminary injunction restraining the town of Montclair and the Egans from dumping garbage, refuse and debris at any place other than on the property of the complainants was reversed because of its mandatory character.
The object of a preliminary injunction is to preserve the subject-matter in controversy, without determining any question of right. 1 High Inj. (4th ed.) § 4; 1 Beach Inj. § 112.
To grant the injunction now sought by the complainants would be giving to the complainants the full measure of relief to which they may be entitled on final hearing, and courts do not ordinarily grant such relief in limine. Complainants *Page 515 
expressly pray allowance of a preliminary mandatory injunction as to some matters complained of. Mandatory injunction is always granted cautiously and will be ordered only in cases of extreme necessity. Spoor-Thompson Machine Co. v. Bennett FilmLaboratories and Elasticap Co., 105 N.J. Eq. 108; FraxamAmusement Corp. v. Skouras Theatre Corp., 113 N.J. Eq. 509.
The charge laid in the bill of complaint of an unlawful conspiracy on the part of the defendant corporation employer and the defendant union to defeat the contract of employment alleged to have been made between the defendant company and the complainants finds no support in the affidavits filed herein.
I will advise an order denying the preliminary relief sought.