This is an application to dissolve a preliminary injunction filed November 15th, 1935, because of the failure of the complainant *Page 301 
to issue and have served upon the defendant a subpoena adrespondendum and the return thereof made within the time required by the rules of this court. On October 19th, 1935, a verified bill of complaint was filed. On the same day, an order to show cause why the defendant should not be restrained and enjoined according to the prayer of the bill was issued and made returnable October 28th, 1935. This order was served upon the defendant on the day of issuance. On October 21st, 1935, the complainant consented to a modification of the terms of the adinterim restraint expressed in the order. On the return day of the order, October 28th, 1935, an application was made for a continuance, which was consented to by the complainant, and the argument on the order was had on November 12th, 1935. Upon its conclusion the court advised the imposition of the restraint pending the final hearing of the suit. On November 15th, 1935, an order to this effect was signed and filed. Service of the order was made on the solicitor of the defendant, and upon the defendant, on the last named date. On November 16th, 1935, a subpoena ad respondendum was given to the sheriff of Bergen county, upon which the following return appears: "On November 20th, 1935, duly served the within sub ad resp on the defendant Guarantee Fruit Market, Inc. by serving Herman Krieg, Manager, at his place of business, Main and Linden Streets, Hackensack, N.J. personally." On November 20th, 1935, the defendant, through its registered agent, Charles Hershenstein (counsel appearing for the defendant), was served by the sheriff of Hudson county, whose return shows that such service was made on November 22d 1935.
The notice of this application to dissolve the restraint for the reasons stated above, is dated November 19th, 1935. By agreement between the solicitors of both parties, the application for dissolution was made returnable December 2d 1935; it was then argued in open court. Rule 210 of chancery provides as follows:
"210. The writ of injunction, when ordered, shall be issued within five days from the date of the order or fiat therefor, and served within fifteen days after the issuing thereof; and return of such service *Page 302 
shall be made to the court as provided in rule 217, and on failure thereof the defendant shall be entitled to a dissolution of the injunction, unless the court shall by order give further time for the service and return of the writ."
The pertinent part of rule 217 reads as follows:
"217. Writs and process shall be returnable as follows: * * * writs of injunction * * *, one month, after their teste, * * *."
It will be observed that the above rule 210 expressly relates to, and definitely states, "the writ of injunction, when ordered." In no part of the rule is any mention made of the practice when an ad interim restraint is obtained in an order to show cause why an injunction should not issue. In Allman v.United Brotherhood of Carpenters, c., 79 N.J. Eq. 150;affirmed, Ibid. 641, the then Vice-Chancellor Walker observed (at p. 152) that:
"It is entirely settled that upon the issuance of a preliminary writ of injunction a subpoena must be taken out and served. Lee
v. Cargill, 10 N.J. Eq. (2 Stock.) 331. The penalty for neglect is dissolution of the injunction. If a preliminary injunction had issued in this case instead of a temporary restraining order, the motion now made on behalf of the defendants would have to be granted. In Lee v. Cargill, Chancellor Williamson said that the practice would be thereafter strictly followed requiring the subpoena to be taken out with the writ of injunction and returned into court within the time prescribed by the rule for return of service of the injunction."
And on page 153, the court further said:
"There is a material distinction between a restraining order and an injunction. 16 Am. Eng. Encycl. L. (2d ed.) 349;Dean v. Bonnell, 4 N.J.L.J. 348. In this case (Dean v.Bonnell) the bill for injunction was filed and an order to show cause, including a restraint, was made, and the hearing thereon adjourned several times, and then a motion was made on the part of the defendant to dismiss the bill on the ground that no subpoena to answer had been issued. Vice-Chancellor *Page 303 
Dodd observed that the case of an order to show cause was different from that of an injunction, the order itself commanding the defendant to show cause on a certain day being sufficient to bring him into court.
"Upon the authorities, therefore, my conclusion is, that a subpoena is not required to be taken out with a restraining order which commands the defendant to appear on the return day and show cause why an injunction should not issue, but that when a preliminary injunction issues ex parte upon the filing of a bill without any order to show cause being made, as it sometimes does, it runs — to use its language — until the defendant `shall have fully answered the bill of complaint, and our said court shall make other order to the contrary;' and if the defendant would seek to have the restraint removed, he must answer (unless the chancellor shall allow the motion to be heard on affidavits under rule 123), and he can be compelled to answer only by the service of subpoena for that purpose; he is never obliged to appear voluntarily.
"If, on the hearing of an order to show cause, a preliminary injunction is awarded, then a subpoena must be issued with the injunction, and if it is not issued and returned served within the time prescribed by the rule for the return of the injunction (Lee v. Cargill, ubi supra), the injunction would be dissolved on the defendant's motion."
Following the last cited case is an illuminating opinion by Vice-Chancellor Backes in Hermann v. Mexican Petroleum Corp.,85 N.J. Eq. 367, where (at p. 371), he says:
"The presentation of a bill to the chancellor, and the granting thereof of an order to show cause why an injunction should not issue, with an ad interim stay, brings the litigation before him for a limited purpose, and is not the institution of the suit. It is merely before him on a motion to consider the question whether an injunction should issue when the suit should be commenced; to which the defendant enters but a special appearance for the purpose of combating the application, a privilege accorded him, which has grown into popular practice within recent years. The earlier method was to, in the first instance, grant a preliminary injunction, with the *Page 304 
sealing of which a subpoena had to be issued, and, obviously, because the writ of injunction could not go forth except in a suit which had been begun. In Allman v. United Brotherhood ofCarpenters, supra, the present chancellor had occasion to call attention to the correct practice."
To the same effect was the language of Vice-Chancellor Fallon in Eckel v. Shell, c., Products, Inc., 113 N.J. Eq. 498.
The case relied upon by counsel of the defendant is Forstmann Hoffman Co. v. United Front Committee, c., 99 N.J. Eq. 696;
but an examination of that case shows that the court was there dealing with an injunctive order which had been issued by it on or about May 11th, 1926. There is no question that subpoenas must be promptly issued, served and returned after the making of an injunctive order. In the early practice it was the rule to issue a preliminary, or temporary, injunction ex parte when a properly verified bill of complaint was filed. 2 Dan. Ch. P. Pr. [*]1666; Forstmann Hoffman Co. v. United Front Committee,c., supra. The practice then to issue an order to show cause did not prevail. Of course, in those days, it was required that a subpoena had to be immediately issued. The reason for the then rule is clearly apparent: it was intended to spur to action those litigants who obtained an injunctive order which, in effect, immediately accomplished the aim prayed for and in consequence, the satisfied suitor might be inclined to quiescence and not proceed further with the suit, and his opponent was then left "hanging on a limb," unless he waived the subpoena and filed an answer. The present practice is quite different from the former procedure. Now, upon the filing of a verified complaint, there is issued an order to show cause why a preliminary, or temporary, injunction should not issue; and if the verified bill warrants, an ad interim restraint is issued until the return day of the order. The defendant, pending the return day, may apply to the court for a vacation or modification of the ad interim
restraint.
In the instant case, the decision of the court of November 12th, 1935, provided for an "order for restraint pending final *Page 305 
hearing." The order to this effect was signed and filed on November 15th, 1935, as heretofore observed. It is not necessary to state that such an order is indeed as effective, and grants the same measure of relief under the circumstances, as an injunctive order. The subpoena in the instant case was taken out and served within the fifteen days of the date of the order of restraint, and the order was served within the same period which was, of course, within time.
Under the circumstances, the application or motion to dissolve the injunction by the defendant is denied.