The defendant's board of directors, on September 30th, 1937, adopted a plan of reorganization under the provisions of chapter 55 of the laws of 1937. The plan, pursuant to the direction of the statute, was submitted to the commissioner of banking and insurance of the State of New Jersey, *Page 2 
who endorsed his approval thereon. Thereafter, on October 29th, 1937, the defendant's directors called a special meeting of the shareholders of the association to consider, and vote on, the plan of reorganization. A written notice of such meeting was mailed to the shareholders on October 16th, 1937. On October 18th, 1937, a notice of the meeting was advertised in the HudsonDispatch, a newspaper circulating in Hudson county. At the meeting held on October 29th, 1937, the shareholders voted to adopt the plan of reorganization, by a vote of four hundred and forty-three to thirty-nine. The result of the voting was, on November 1st, 1937, filed in the office of the department of banking and insurance. On the day last mentioned, there was also filed in the office of the department of banking and insurance, a certificate of incorporation of the Palisade Liquidating Corporation. Two days later, November 3d 1937, the complainant Louisa Day filed her bill of complaint herein. This court, on the complaint and affidavits attached thereto, issued an order restraining the defendant from proceeding with the reorganization. Subsequently, four other shareholders of the defendant association, upon petition, were made parties complainant.
The defendant association has an approximate membership of thirteen hundred shareholders. Only five out of the entire membership of the association have endeavored, by these proceedings, to prevent the plan of reorganization. These five members own between them eighty-nine shares out of approximately twenty thousand shares of stock issued by the association. The total value of their shares is less than one per cent. of the total shares value, or about .00610. The assets of the association amount to approximately $2,000,000.
The issues which arise through the bill of complaint are: (1) Whether the complainant's shares matured with the maturity of the thirty-second series; (2) whether the recapture of profits by the association in August, 1935, was disproportionate; and (3) whether the reorganization plan and statutory procedure relating thereto are valid.
Under the first issue, the affidavit of the defendant shows that the complainant's shares are in arrears. On the second *Page 3 
issue, the affidavit filed by the defendant association shows that the recapture of profits was made solely from profits and in accordance with the orders of the commissioner of banking and insurance. Newark Twenty-one Building and Loan Association v.Zukerberg, 115 N.J. Eq. 579; Thirteenth Ward Building and LoanAssociation v. Weissberg, Ibid. 487. Under the third issue, the complainant alleges that chapter 55 of the laws of 1937, is not applicable to the defendant, and charges that the legislative act violates the constitutional rights of the shareholders. I am not in accord with that view. The law is quite clear that the business of building and loan associations, is charged with a public interest, and is subject to regulation under the police power of the state, and accordingly, under such power, the legislature may lawfully enact a reorganization statute under which the rights of all persons having a direct contact with the business may be altered and changed, in a reasonable manner. This right is substantially expressed in In re Mechanics Trust Co.,119 N.J. Eq. 141, and in Bucsi v. Longworth Building and LoanAssociation, 119 N.J. Law 120.
It seems quite clear that the defendant association, in its plan for reorganization, in all respects, has complied with the provisions of chapter 55, laws of 1937. If the complainant disapproved of the plan, she, under the provisions of the act, could have filed her dissent in this court within five days before the day fixed for the meeting of the shareholders. For failure to take such action, the statute says such "members who shall not so dissent shall be conclusively deemed to have assented thereto." The complainant cannot now be heard to say that she was innocent of any knowledge of such procedure, since the statute is a law of this state, and all persons are presumed to know the law.
It is reported that some two hundred thousand, or two hundred and fifty thousand dollars, is in the treasury of the defendant association, which, in or about the coming year, is ready to be paid out to the shareholders.
The restraint, heretofore issued in these proceedings, if not dismissed, will have the effect of halting the payment of *Page 4 
those moneys. Such result might be disastrous to the vast majority of shareholders interested.
Under the decisions in this state, the complainant, to be entitled to a preliminary injunction, must present a case that is clear, and free from doubt. I do not think that the complainant herein has presented such a case.
See Fraxam Amusement Corp. v. Skouras Theatre Corp.,113 N.J. Eq. 509.
After considering the facts, law, balancing of the conveniences, and all the circumstances, I shall advise an order vacating the preliminary restraint, and the dismissal of the order to show cause issued herein.