HOWARD U. VAN BUSKIRK, individually and trading as H. U. Van Buskirk Sign Co., complainant-respondent,

*v.*

SIGN PAINTERS LOCAL No. 1231, affiliated with the American Federation of Labor, and PETER YABLONSKY, defendants-appellants.

[Argued February 13th, 1940.   Decided June 26th, 1940.]

*Mr. David Srager* and *Mr. George M. Fieldman,* for the complainant-respondent.

*Mr. Thomas L. Parsonnet,* for the defendants-appellants.

*Mr. Joseph A. Padway,* for the American Federation of Labor as *amicus curiæ.*

PER CURIAM.

The appeal is from an order in Chancery granting preliminary restraint against the defendant local and its business

representative, defendant Peter Yablonsky, from picketing the customers of the complainant. Complainant maintains a place of business at 44 Branford street, in the city of Newark. He operates an open shop, and his principal business consists of painting outdoor advertising signs under contract. His employes are satisfied, there is no dispute between him and them and none of them belongs to the defendant union. The picketing is not of the complainant's place of business, but of the premises of the customers where the signs are being painted. It consists of the carrying to and fro of signs with the announcement "This job unfair to union painters." The vice-chancellor found that there was coercive pressure upon actual or prospective customers to cause them to withdraw or withhold patronage through fear of loss or damage to themselves and 'that the situation so disclosed constituted a secondary boycott within the ruling in *Duplex Printing Press Co.* v. *Deering, 254 U. S. 443; 65 L. Ed. 349;* a factual finding which has support in the proofs and a legal conclusion which we think presents an issue sufficient to be held for hearing and final determination.

It is suggested that the recent decision of the United States Supreme Court in *Thornhill* v. *State of Alabama,* decided April 22d, 1940, is dispositive of the issue. We think that neither it nor the accompanying decision in *Carlson* v. *California* is dispositive of the case in its present status. The *Thornhill* decision was rendered with respect to a criminal complaint and the state statute under which the complaint was made. It turns upon facts which in this respect are limited to picketing the place of business of the employer or the vicinity thereof and rests, as we understand, upon the broad principle that the enlightening of the public on the nature and causes of the labor dispute in that fashion may not be made the ground for an arrest and prosecution as an offense against the public. The present proceedings are civil, not criminal; and they do not grow out of and do not concern picketing at the employer's place of business as that term is ordinarily used. The signs carried by the pickets do not serve to publicize the facts of a labor dispute; they announce a characterization which the defendants give to the status of

the complainant as an employer, but they do not inform the public of the facts upon which the characterization is based. It may fairly be gathered from the defendants' affidavits that they believe that the wages paid by the complainant and the hours of work rendered by complainant's workmen are in the one instance less than and in the other instance more than the union schedule. The contention of the complainant, however, is that the effort and purpose of the defendants are to drive complainant to a closed shop by the factor of intimidating his workmen and putting his customers under duress.

There appears to us to be sufficient substance in the controversy to justify the preservation of the existing *status* until final hearing. If the restraint *pendente lite* is removed, complainant's business will be destroyed, whereas the maintaining of the restraint does no greater harm to the defendants than to postpone the decision of the issue.

The order below will be affirmed.

*For affirmance*—CASE, BODINE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ.  9.

*For reversal*—THE CHIEF-JUSTICE, DONGES, HEHER, PERSKIE, JJ.  4.